**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| PHILIP HARRIS<br>PHILIP HARRIS on Behalf of his Mother<br>LILLIAN HARRIS, LILLY HARRIS<br>A/K/A LILLIAN HYMAN, PHILIP<br>HARRIS on Behalf of his Brother EUGENE<br>HARRIS, EUGENE HARRIS "GENE"<br>HARRIS by Power of Attorney from his<br>wife ZIVA HARRIS AND ALL OTHERS<br>SIMILARLY SITUATED KNOWN AND<br>UNKNOWN,<br><br>     Plaintiffs,<br>v.<br><br>ROSALIE HARRIS, HELEN HARRIS,<br>RICHARD HARRIS, ESTATE OF<br>RICHARD HARRIS, GREAT MID<br>ATLANTIC REALTY CORPORATION,<br>ADVANTAGE TITLE (Title no SSA-<br>47259-20) OLD REPUBLIC TITLE<br>COMPANY also known as OLD<br>REPUBLIC TITLE INSURANCE<br>COMPANY (Title no OCHAMP-<br>061163Q), NEW HORIZON NEW<br>JERSEY TITLE CO. also known as NEW<br>HORIZON ABSTRACT INC AND ALL<br>OTHERS SIMILARLY SITUATED<br>KNOWN AND UNKNOWN, JOHN DOES<br>1 to 10,<br><br>     Defendants. | Civil Action No. 2:24-cv-10258-SDW-AME<br><br>**Document Electronically Filed**<br><br><br>Motion Day: March 3, 2025<br><br>Response Deadline: February 18, 2025<br><br>Reply Deadline: February 24, 2025 |

---

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT OLD REPUBLIC NATIONAL TITLE INSURANCE COMPANY'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT FOR LACK OF SUBJECT MATTER JURISDICTION, FOR LACK OF VENUE AND FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED, PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(b)(1), 12(b)(3) AND 12(b)(6)**

---

William B. Jones, II, Esq. (ID# 046531995)
Simio & Jones, LLP
80 Main Street, Suite 360
West Orange, New Jersey 07052
(973) 984-5970
Attorneys for Defendant
Old Republic National Title Insurance Company

On the Brief:
  William B. Jones, II

## Table of Contents

Page

Table of Contents....................................................................................... ii

Table of Authorities ................................................................................... iv

Introduction................................................................................................ 1

Statement of Facts...................................................................................... 1

Legal Argument:

POINT I:    PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED DUE
TO LACK OF SUBJECT MATTER JURISDICTION UNDER
FED. R. CIV. P. 12(b)(1).
.......................................................................................... 6

  A.    This Case Does Not Involve a Federal Question.
.......................................................................................... 7

  B.    Diversity Jurisdiction Does Not Exist.
.......................................................................................... 8

POINT II:    PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED DUE
TO LACK OF VENUE UNDER FED. R. CIV. P. 12(b)(3).
.......................................................................................... 9

POINT III:    PLAINTIFFS' COMPLAINT SHOULD BE DISMISSED AS TO
OLD REPUBLIC FOR A FAILURE TO STATE A CLAIM UPON
WHICH RELIEF CAN BE GRANTED UNDER FED. R. CIV. P.
12(b)(6).
.......................................................................................... 11

  A.    The Complaint Should Be Dismissed Because It Fails to Satisfy
the General Pleading Standard of Fed. R. Civ. P. 8(a)(2).
.......................................................................................... 12

  B.    The Complaint Should Be Dismissed Because It Fails to Satisfy the
Heightened Standards for a Pleading Alleging Fraud as Set Forth in
Fed R. Civ. P. 9(b).
.......................................................................................... 13

  C.    The Statute of Limitations Has Run on Plaintiff's Claims.
.......................................................................................... 14

D.  Plaintiff Does Not Have the Authority to Appear On Behalf of His Deceased Mother and Brother.

...................................................................................................... 15

Conclusion  ...................................................................................................... 16

## <u>Table of Authorities</u>

| <u>Case</u> | <u>Page(s)</u> |
|---|---|
| <u>Ambraco, Inc. v. Bossclip B.V.,</u><br>570 F. 3d 233, 238 (5th Cir. 2009)...................................... | 14 |
| <u>Boesky v. Levine,</u> 190 A.D.3d 403, 405,<br>147 N.Y.S.3d 2, 4-5 (1st Dept. 2021)................................. | 19 |
| <u>Frederico v. Home Depot,</u><br>507 F. 3d. 188, 200 (3d. Cir. 2007)................................... | 18 |
| <u>Gennari v. Weichert Co. Realtors,</u><br>148 N.J. 582, 610 (1997)............................................ | 18 |
| <u>Gould Elecs., Inc. v. U.S.,</u><br>220 F. 3d 169, 178 (3d Cir. 2000)................................ | 16 |
| <u>Hoffman v. Asseenontv.Com, Inc.,</u><br>404 N.J. Super. 415, 425-26 (App. Div. 2009)....................... | 18 |
| <u>Hyland v. Kirkman,</u><br>157 N.J. Super. 565, 584 (Ch. Div. 1978)........................... | 18 |
| <u>Indianapolis v. Chase Nat. Bank,</u><br>314 U.S. 63, 69, 62 S. Ct. 15, 86 L. Ed. 47 (1941)................... | 11,14 |
| <u>Kokkonen v. Guardian Life Ins. Co. of Am.,</u><br>511 U.S. 375, 377, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994)....... | 11 |
| <u>Lopez v. Swyer,</u> 62 N.J. 267, 275 fn. 2 (1973)...................... | 19 |
| <u>Lum v. Bank of America,</u><br>361 F. 3d 217, 222 n. 3 (3d Cir. 2004).............................. | 17 |
| <u>Petruska v. Gannon Univ.,</u><br>462 F. 3d 294, 302 (3d Cir. 2006)................................. | 11,12,16 |
| <u>Seville Indus. Machinery Corp. v. Southmost Machinery Corp.,</u><br>742 F. 2d 786, 791 (3d Cir. 1984), <u>cert. denied,</u><br>469 U.S. 1211, 105 S. Ct. 1179, 84 L. Ed. 2d 327 (1985)................ | 18 |
| <u>U.S. ex rel. Atkinson v. PA. Shipbuilding Co.,</u><br>473 F. 3d 506, 514 (3rd Cir. 2007)................................ | 11,12 |
| <u>Willy v. Coastal Corp.</u> 503 U.S. 131, 136-37,<br>117 L. Ed. 2d 280, 112 s. Ct. 1076 (1992)......................... | 11 |
| <u>Yost v. General Motors Corp.,</u><br>651 F. Supp. 656, 658 (D.N.J. 1986) .............................. | 18 |

## Statutes

5 U.S.C. §702.................................................................................. 13

28 U.S.C.A. §1331........................................................................... 11,12,13

28 U.S.C.A. §1332(a)....................................................................... 11,13

28 U.S.C. §1391.............................................................................. 14,16

28 U.S.C.S. §1603(a)....................................................................... 11

28 U.S.C. §2201(a).......................................................................... 13

N.J.S.A. 2A:14-1............................................................................. 19

## Rules

Fed. R. Civ. P. 8(a)(2)...................................................................... 16,17

Fed R. Civ. P. 9(b)........................................................................... 18

Fed. R. Civ. P. 12(b)(1).................................................................... 11

Fed. R. Civ. P. 12(b)(3).................................................................... 14

Fed. R. Civ. P. 12(b)(6).................................................................... 16,17

## INTRODUCTION

This brief is submitted by defendant Old Republic National Title Insurance Company ("Old Republic") in support of its motion to dismiss the Complaint of plaintiff Philip Harris ("Plaintiff") for lack of subject matter jurisdiction, for lack of venue and for failure to state a claim upon which relief may be granted pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(3) and 12(b)(6), respectively. Subject matter jurisdiction does not exist because this action does not involve a federal question, and the parties named in the action do not satisfy the requirements of 28 U.S.C.A. §1332(a). Venue is improper because Plaintiff has failed to satisfy any of the sections of 28 U.S.C. §1391. In particular, a substantial part of the events giving rise to Plaintiff's claims took place in New York, and a substantial part of the property that is the subject of the action is situated in New York. This action, therefore, should never have been filed in New Jersey. Finally, Plaintiff has failed to state a claim upon which relief may be granted, as he has failed to satisfy the pleading standards of Federal Rules of Civil Procedure 8(a)(2) and 9(b), the statute of limitations has run on Plaintiff's claims, and Plaintiff does not have the authority to appear in this case on behalf of his deceased mother, Lillian Harris ("Lillian"), and brother, Eugene Harris. Accordingly, Plaintiff's Complaint should be dismissed with prejudice as against Old Republic.

## STATEMENT OF FACTS

### A.    Plaintiff's Allegations.

Plaintiff filed this case on his own behalf as well as on behalf of the Estates of his deceased mother Lillian, and his deceased brother Eugene Harris, despite not establishing his right to represent those Estates. (See the Complaint, ¶¶ 9, 10). As alleged in ¶2 in the Complaint, Plaintiff filed this action

> in order to help rectify and shine a light on a wrong that took place many years ago with respect to "fraudulent deed transfers and parcels" and seeking a full restitution of all claims, assets monies and resources that belong to the ESTATE OF LILLIAN HARRIS including and not limited to approximately $6,000,000.00 (Six Million Dollars) that is being held with Old Republic Title Insurance Company in the State of New York.

1

The properties at issue in the case, which are set forth in ¶30 of the Complaint and which Plaintiff alleges belong to the Estate of Lillian, are as follows:

a.  37-92 91st Street, Jackson Heights, New York, Block 01479, Lot 00064;
b.  94-11 37th Avenue, Jackson Heights, New York, Block 01468, Lot 00036;
c.  35-02 30th Avenue, Astoria, New York Block 00650, Lot 00042;
d.  779 Newark Avenue, Jersey City, New Jersey;
e.  129 Rivington Street, New York, New York 10002;
f.  1925 Surf Avenue, Brooklyn, New York;
g.  2916 Railroad Avenue, Brooklyn, New York; and
h.  3018 2nd Street, Brooklyn, New York Block 08671, Lot 00746.

Plaintiff alleges that the above properties (the "Properties") were stolen years ago and transferred to defendant Great Mid Atlantic Realty Corp. ("GMARC"), and that defendants Helen Harris ("Helen") and Rosalie Harris ("Rosalie"), as shareholders of GMARC, gained from the purported fraud. (See the Complaint, ¶¶ 6, 21). Specifically, Plaintiff alleges that the Properties were recently sold as part of an action filed by Helen to dissolve GMARC, entitled <u>In the Matter of the Application of Helen Harris, et al. v. Great Mid Atlantic Realty Corp.</u>, a Domestic Corporation, and Rosalie Harris, Supreme Court, Nassau County; Index No. 602592/2019 (the "Dissolution Action"). (See <u>Exhibit "H"</u> to the Complaint, which is a copy of the Verified Petition, without exhibits, which Helen filed on March 1, 2019 to initiate the Dissolution Action). Plaintiff alleges that the Properties were sold as part of the dissolution of GMARC for a "sum of no less than $14,098,831.63," of which "[m]ore than $8,000,000.00" was transferred to Helen and Rosalie. (See the Complaint, ¶22 and <u>Exhibit "A"</u>).

**B.    Plaintiff's Causes of Action.**

The Complaint has three causes of action, the first of which is titled "Reasonable Cause to Reset the Statute of Limitations based on the discovery of fraud, Fraudulent Concealment and Criminality." In that count, Plaintiff is seeking to "reset" the statute of limitations for "fraud" and "criminality" based upon the alleged applicability of the discovery rule. (See the Complaint, pages 30-33). In the second cause of action, which is titled "Demand for a legitimate claims vs Title on all properties Philip Harris, Eugene Harris and the State of Lillian Harris fraudulent conveyance of heirs property and real property to Great Mid Atlantic Realty GMAR," Plaintiff appears to be

2

seeking damages stemming from what Plaintiff alleges was the fraudulent sale of the properties at issue in the Complaint. (See the Complaint, pages 33-35). And in the third cause of action, titled "FRAUD, FRAUDULENT CONVEYANCE which allowed over 40 years of unjust enrichment and financial theft of real property in the State of New Jersey and New York by Great Mid Atlantic Realty GMAR, Great Mid Atlantic Realty GMAR was not a real corporation according to New York's BCL 1104-a (1), (2), (3)," Plaintiff is seeking "an injunction and restraining orders" against GMARC, and an award of damages against all defendants, purportedly arising from alleged "deed and parcel fraud and theft of real property." (See the Complaint, pages 35-38).

### C.    Plaintiff's Attempt to Intervene in the Dissolution Action.

This action, upon information and belief, was likely prompted by the denial of Plaintiff's motion to intervene in the Dissolution Action. Plaintiff filed that motion on May 12, 2023 (See Plaintiff's Notice of Motion to Intervene, a true copy of which is attached to the Certification of William B. Jones, II, Esq. (the "Counsel Cert.") as Exhibit "A," and the Affidavit of Plaintiff dated May 12, 2023, a true copy of which is attached to the Counsel Cert. as Exhibit "B"). That was actually Plaintiff's second motion to intervene in the Dissolution Action, the first having been filed on March 29, 2021, and denied on April 26, 2021. (See Exhibit 10 to the Affirmation of Helen's counsel, Joseph E. Macy, Esq. (the "Macy Aff."), a true copy of which is attached to the Counsel Cert. as Exhibit "C," and page 5 of the Memorandum of Law filed by Mr. Macy on behalf of Helen, a true copy of which is attached to the Counsel Cert. as Exhibit "D"). Helen filed opposition to Plaintiff's motion on June 7, 2023. (See the Counsel Cert., Exhibits "C" and "D"). The submissions filed as part of that motion set forth the history of this matter and Plaintiff's longstanding pursuit of the Properties.

As set forth in Helen's opposition, Lillian died on May 14, 1982. (See the Counsel Cert., Exhibit "D," page 6). As alleged by Plaintiff in his Affidavit, eight (8) days prior to Lillian's death, a handwritten document was prepared which Plaintiff contends is Lillian's last will and testament. (See the purported Will, attached as Exhibit A to Plaintiff's Affidavit, which is attached as Exhibit

"B" to the Counsel Cert.). The document, which bears no evidence of authenticity, asserts that Lillian is the owner of certain real property, including properties owned by GMARC. (Id.; see also the Counsel Cert., Exhibit "D," page 6).

On June 7, 1983, Lillian's son Eugene Harris filed a Petition seeking to probate Lillian's purported Will in the Surrogate's Court, Nassau County. (See the Macy Aff., Exhibit 1, attached to the Counsel Cert. as Exhibit "C"). The Petition alleges that Lillian's Estate had a value of not more than $35,000.00. (Id.). On May 1, 1985, the Surrogate's Court issued citation to show cause why letters of administration should not be issued. (See the Macy Aff., Exhibit 2, attached to the Counsel Cert. as Exhibit "C"). Nothing further occurred in the Surrogate's Court, however, for eight (8) years. (See the Counsel Cert., Exhibit "D," page 6).

In 1993, Plaintiff filed a Petition with the Surrogate's Court seeking letters of administration. (See the Macy Aff., Exhibit 3, attached to the Counsel Cert. as Exhibit "C") On December 16, 1993, the Surrogate's Court granted Plaintiff Temporary Letters of Administration. (See the Macy Aff., Exhibit 4, attached to the Counsel Cert. as Exhibit "C"). In making its ruling, the Surrogate's Court found that Plaintiff's "primary concern [was] not the probate of the will but to seek to have a representative appointed to pursue certain assets of the decedent that presently may be in the possession of the other two children, Richard and Rosalie Harris." (Id.)

Again, however, no action was taken to prosecute the Petition and in 2004, the Surrogate's Court wrote to Plaintiff and his attorney inquiring as to the status of the Estate. (See the Macy Aff., Exhibit 5, attached to the Counsel Cert. as Exhibit "C"). In 2005, having received no response from Plaintiff or his attorney, the Surrogate issued an Order directing the Public Administrator of Nassau County to investigate the circumstances of the delay and report to the Court as to whether the probate of the purported Will should be deemed "abandoned." (See the Macy Aff., Exhibit 6, attached to the Counsel Cert. as Exhibit "C"). Eighteen years later, after having taken no action to probate the purported Will, Plaintiff attempted for a second time to intervene in the Dissolution Action, asserting a claim of ownership of the property of GMARC. (See the Counsel Cert., Exhibit "D," page 7). On

September 22, 2023, Plaintiff's motion was denied by the Honorable Judge Timothy S. Driscoll on the basis that Philip had not been appointed as a fiduciary of Lillian's Estate, and the purported Will had not been admitted to probate. (See page 6 of the September 22, 2023 Decision of Judge Driscoll, a true copy of which is attached to the Counsel Cert. as Exhibit "E"). Additionally, while Judge Driscoll did not determine whether Plaintiff's claims were barred by the statute of limitations and/or laches, he "question[ed] whether [Plaintiff could] assert any viable claims concerning the real property held by GMAR given the decades that have elapsed since Lillian's death." (Id.)

### D.  The Escrow Monies Held by Old Republic.

As noted in the December 14, 2023 letter of Sanford Strenger, Esq. (the Receiver appointed in the Dissolution Action) to Judge Driscoll (a copy of which is attached to the Complaint as part of Exhibit "M" thereto), Judge Driscoll authorized the sale of 94-11 37th Avenue, Jackson Heights, NY ("94-11") and 35-02 30th Avenue, Astoria, NY ("35-02") to Simko Aranbayev per the terms of contracts dated August 18, 2023. Because of past actions filed by Plaintiff asserting his entitlement to a portion of the Properties, however, Old Republic would not insure fee title to 35-02 and 94-11 or a mortgage policy unless certain conditions were met. (See the Complaint, Exhibit "M"). Old Republic required Six Million ($6,000,000.00) Dollars to be deposited in escrow against claims that could be asserted by the Estate of Lillian or her heirs. Id. The purchaser agreed to accept title to 35-02 and 94-11 with an exception in his fee title policy in claims arising from the Estate of Lillian if the $6,000,000.00 was deposited in escrow with Old Republic. Id. The escrow would be released upon a final, non-appealable order that neither the Estate of Lillian, nor any of her heirs at law, have a fee interest in 35-02 and 94-11. Id. Pursuant thereto, the escrow payment was deposited with, and is currently being held by, Old Republic, and bar claim actions have been filed in the Supreme Court of the State of New York, Queens County, to quiet title to 35-02 and 94-11. (See the Complaint, Exhibit "A," which includes a final accounting from the dissolution of GMARC showing the $6,000,000.00 escrow payment deposited with Old Republic; and see the Complaint, Exhibit "J," which includes copies of the bar claim complaints filed to clear title to 35-02 and 94-11).

5

**LEGAL ARGUMENT**

**POINT I**

**PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED DUE TO LACK OF SUBJECT MATTER JURISDICTION UNDER FED. R. CIV. P. 12(b)(1).**

Federal courts are courts of limited jurisdiction, and as such, they "possess only that power authorized by Constitution and statute." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994) (citing Willy v. Coastal Corp. 503 U.S. 131, 136-37, 117 L. Ed. 2d 280, 112 s. Ct. 1076 (1992)). "It is to be presumed that a cause lies outside this limited jurisdiction ... and the burden of establishing the contrary rests upon the party asserting jurisdiction." Id. (internal citations omitted). The objection presented by a motion filed under Fed. R. Civ. P. 12 (b)(1) - asserting lack of subject matter jurisdiction - is that the court has no authority to hear and decide the case before it. Petruska v. Gannon Univ., 462 F. 3d 294, 302 (3d Cir. 2006).

28 U.S.C.A. §1331[1] grants federal courts the power to decide federal questions, and 28 U.S.C.A. §1332(a) grants federal courts diversity jurisdiction of all civil actions where the matter in controversy exceeds $75,000 and is between (1) citizens of different states; (2) citizens of a state and citizens or subjects of a foreign state; (3) citizens of different states and in which citizens or subjects of a foreign state are additional parties; and (4) a foreign state, defined in 28 U.S.C.S. §1603(a), as plaintiff and citizens of a State or of different States. To sustain diversity jurisdiction, an actual, substantial controversy must exist "between citizens of different states, all of whom on one side of the controversy are citizens of different states from parties on the other side." Indianapolis v. Chase Nat. Bank, 314 U.S. 63, 69, 62 S. Ct. 15, 86 L. Ed. 47 (1941).

Where a defendant makes a "facial" attack to jurisdiction - challenging the allegations in the pleadings on their face - the court looks only to those allegations "and does so in the light most favorable to the plaintiff." U.S. ex rel. Atkinson v. PA. Shipbuilding Co., 473 F. 3d 506, 514 (3rd

---

[1]28 U.S.C.A. §1331 states that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

Cir. 2007); Petruska, 462 F. 3d at 302. Plaintiff's Complaint should be dismissed with prejudice, as Plaintiff has failed to allege facts establishing the Court's subject matter jurisdiction to hear and decide this case. In particular, this case does not involve a federal question, and diversity jurisdiction does not exist as the parties named in this action do not satisfy the requirements of 28 U.S.C.A. §1332(a).

### A. This Case Does Not Involve a Federal Question.

Plaintiffs assert in ¶3 of the Complaint that this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, which, as noted above, grants federal courts the power to decide federal questions. Yet, the Complaint does not raise federal questions or assert that federal laws have been violated. Instead, as alleged in ¶2 in the Complaint, Plaintiffs filed the case

> in order to help rectify and shine a light on a wrong that took place many years ago with respect to "fraudulent deed transfers and parcels" and seeking a full restitution of all claims, assets monies and resources that belong to the ESTATE OF LILLIAN HARRIS including and not limited to approximately $6,000,000.00 (Six Million Dollars) that is being held with Old Republic Title Insurance Company in the State of New York.

The Complaint has three causes of action, the first of which is titled "Reasonable Cause to Reset the Statute of Limitations based on the discovery of fraud, Fraudulent Concealment and Criminality." In that count, Plaintiff is seeking to "reset" the statute of limitations for "fraud" and "criminality" based upon the alleged applicability of the discovery rule. (See pages 30-33 of the Complaint). In the second cause of action, which is titled "Demand for a legitimate claims vs Title on all properties Philip Harris, Eugene Harris and the State of Lillian Harris fraudulent conveyance of heirs property and real property to Great Mid Atlantic Realty GMAR," Plaintiff appears to be seeking damages stemming from what Plaintiff alleges was the fraudulent sale of the Properties. (See pages 33-35 of the Complaint). And in the third cause of action, titled "FRAUD, FRAUDULENT CONVEYANCE which allowed over 40 years of unjust enrichment and financial theft of real property in the State of New Jersey and New York by Great Mid Atlantic Realty GMAR, Great Mid Atlantic Realty GMAR was not a real corporation according to New York's BCL 1104-a (1), (2), (3)," Plaintiff is seeking

7

"an injunction and restraining orders" against defendant Great Mid Atlantic Realty Corporation, and an award of damages against all defendants, purportedly arising from alleged "deed and parcel fraud and theft of real property." (See pages 35-38 of the Complaint). What is clear as to all of the counts is that none involve a federal question or allege a violation of federal law. To the contrary, the counts allege the violation of state law claims involving fraud and the aforementioned New York State statute. Those allegations do not satisfy 28 U.S.C.A. §1331.

In addition to alleging that subject matter jurisdiction exists under 28 U.S.C.A. §1331, Plaintiff also alleges in ¶3 of the Complaint that subject matter jurisdiction exists pursuant to 28 U.S.C. § 2201(a), and 5 U.S.C. §702. 28 U.S.C. § 2201(a) allows a federal court to "declare the rights and other legal relations of any interested party seeking such declaration," and 5 U.S.C. §702 entitles a party "suffering legal wrong because of agency action, or adversely affected by agency action within the meaning of a relevant statue" to judicial review thereof. Despite Plaintiffs' assertion otherwise, the aforementioned statutes do not create subject matter jurisdiction. A party's pursuit of a declaratory judgment under 28 U.S.C. § 2201(a) does not, in and of itself, create subject matter jurisdiction. Additionally, Plaintiffs do not actually seek a declaratory judgment in the Complaint, nor do they allege in the Complaint that they have suffered a legal wrong because of agency action as contemplated by 5 U.S.C. §702, so those statutes do not apply. Plaintiff has failed to satisfy his burden of establishing federal question jurisdiction.

**B.    Diversity Jurisdiction Does Not Exist.**

Diversity jurisdiction does not exist as the parties named in this action do not satisfy the requirements of 28 U.S.C.A. §1332(a). Plaintiff, and all but two of the named defendants, are citizens of New York State according to the Complaint. Plaintiff resides at 24 The Hollows, East Norwich, New York 11372 (see ¶9 of the Complaint), and all of the defendants other than Old Republic and New Horizon New Jersey Title also reside in the State of New York. See ¶¶11, 12, 14, 16, 18 and 19 of the Complaint. Diversity jurisdiction does not exist where parties on both sides of the controversy are citizens of the same state. See Indianapolis, 314 U.S. at 69. Plaintiff has

8

failed to establish diversity jurisdiction, and his Complaint should therefore be dismissed.

## POINT II

### PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED DUE TO LACK OF VENUE UNDER FED. R. CIV. P. 12(b)(3).

The venue of all civil actions brought in the District Courts of the United States is governed by 28 U.S.C. §1391. Pursuant thereto, a civil action may be brought in (1) a judicial district in which any defendant resides, if all defendants are residents of the state in which the district is located (28 U.S.C. §1391(b)(1)); (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated (28 U.S.C. §1391(b)(2)); or (3) if there is no district in which an action may otherwise be brought as provided in 28 U.S.C. §1391, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action (28 U.S.C. §1391(b)(3)). A district court may examine facts outside the complaint to determine whether its venue is proper. Ambraco, Inc. v. Bossclip B.V., 570 F. 3d 233, 238 (5th Cir. 2009).

Plaintiff's action should be dismissed due to improper venue, as it does not satisfy any of the sections of 28 U.S.C. §1391. Venue is not proper under section (1) of the statute, as that would require all of the named defendants to be residents of New Jersey. As alleged in the Complaint, however, every defendant but one - New Horizon New Jersey Title Co. a/k/a New Horizon Abstact Inc. - is a New York resident. (See ¶¶ 9, 11, 12, 14, 16, 18 and 19 of the Complaint).

Venue is also not proper under section (2) of the statute, as a "substantial part of the events … giving rise to the claim" took place in New York, and a "substantial part of the property that is the subject of the action is situated" in New York. As noted above:

1.   On June 7, 1983, Lillian's son Eugene filed a petition seeking to probate Lillian's purported will in the Surrogate's Court, State of New York, County of Nassau (the "Surrogate's Court"). (See the Macy Aff., Exhibit 1, attached to the Counsel Cert. as Exhibit "C");

2.   Ten (10) years later, in 1993, Plaintiff filed a petition with the Surrogate's Court seeking letters of administration. (See the Macy

Aff., Exhibit 3, attached to the Counsel Cert. as Exhibit "C")  On December 16, 1993, the Surrogate's Court granted Plaintiff temporary letters of administration, noting that Plaintiff's "primary concern [was] not the probate of the will but to seek to have a representative appointed to pursue certain assets of the decedent that presently may be in the possession of the other two children, Richard and Rosalie Harris." (See the Macy Aff., Exhibit 4, attached to the Counsel Cert. as Exhibit "C"). Those assets, upon information and belief, were the Properties, all but one of which are located in New York State. (See ¶¶ 9, 11, 12, 14, 16, 18 and 19 of the Complaint);

3.      In 2004, after no action had been taken to prosecute the petition, the Surrogate's Court wrote to Plaintiff and his attorney inquiring as to the status of the Estate.   (See the Macy Aff., Exhibit 5, attached to the Counsel Cert. as Exhibit "C").  In 2005, having received no response from Plaintiff or his attorney, the Surrogate issued an Order directing the Public Administrator of Nassau County to investigate the circumstances of the delay and report to the Court as to whether the probate of the purported will should be deemed "abandoned." (See the Macy Aff., Exhibit 6, attached to the Counsel Cert. as Exhibit "C");

4.      On March 1, 2019, Helen filed her Verified Petition in the Supreme Court of the State of New York, County of Nassau to initiate the Dissolution Action and dissolve GMARC. (See Exhibit "H" to the Complaint);

5.      On March 29, 2021, Plaintiff filed his first motion to intervene in the Dissolution Action, which was denied on April 26, 2021. (See the Macy Aff., Exhibit 10, attached to the Counsel Cert. as Exhibit "C"; and page 5 of the Memorandum of Law filed by Mr. Macy on behalf of Helen, a true copy of which is attached to the Counsel Cert. as Exhibit "D");

6.      Plaintiff filed his second motion to intervene in the Dissolution Action on May 12, 2023. (See Plaintiff's Notice of Motion to Intervene, a true copy of which is attached to the Counsel Cert. as Exhibit "A," and the Affidavit of Plaintiff dated May 12, 2023, a true copy of which is attached to the Counsel Cert. as Exhibit "B");

7.      On September 22, 2023, Plaintiff's motion was denied by the Honorable Judge Timothy S. Driscoll on the basis that Philip had not been appointed as a fiduciary of Lillian's Estate, and the purported will had not been admitted to probate. (See page 6 of the September 22, 2023 Decision of Judge Driscoll, a true copy of which is attached to the Counsel Cert. as Exhibit "E");

8.      In September 2023, Judge Driscoll authorized the sale of two of the Properties - 94-11 and 35-02 - to Simko Aranbayev per the terms of contracts dated August 18, 2023. (See the Complaint, Exhibit "M"). Because of past actions filed by Plaintiff asserting his entitlement to a portion of the Properties, however, Old Republic would not insure

fee title to 35-02 and 94-11 or a mortgage policy unless certain conditions were met. (Id.)  Old Republic required Six Million ($6,000,000.00) Dollars to be deposited in escrow against claims that could be asserted by the Estate of Lillian or her heirs. (Id.)

9.   The purchaser agreed to accept title to 35-02 and 94-11 with an exception in his fee title policy in claims arising from the Estate of Lillian if the $6,000,000.00 was deposited in escrow with Old Republic. Id.  The escrow would be released upon a final, non-appealable order that neither the Estate of Lillian, nor any of her heirs at law, have a fee interest in 35-02 and 94-11. Id.

10.  Pursuant thereto, the escrow payment was deposited with, and is currently being held by, Old Republic, and bar claim actions have been filed in the Supreme Court of the State of New York, Queens County, to quiet title to 35-02 and 94-11. (See the Complaint, Exhibits "A" and "J").

Accordingly, essentially all of the events which are relevant to this action occurred in New York State, and all but one of the Properties which are the subject of this action are located in New York State. In light of those facts, this action clearly should not have been filed in New Jersey. To the contrary, venue would have been proper in New York State based upon the above facts, and for that reason venue is not proper in the District of New Jersey under section (3) of 28 U.S.C. §1391. Plaintiff's Complaint should therefore be dismissed.

**POINT III**

**PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED AS TO OLD REPUBLIC FOR A FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED UNDER FED. R. CIV. P. 12(b)(6).**

In a motion filed under Fed. R. Civ. P. 12(b)(6), "the court evaluates the merits of the claims by accepting all allegations in the complaint as true, viewing them in the light must favorable to the plaintiffs, and determining whether they state a claim as a matter of law." Gould Elecs., Inc. v. U.S., 220 F. 3d 169, 178 (3d Cir. 2000); Petruska v. Gannon Univ., 462 F. 3d 294 302 (3d Cir. 2006)(a Rule 12(b)(6) motion "tests the legal sufficiency of plaintiff's claim" and resolves "the question of whether the plaintiff would be able to prevail even if she were able to prove all of her allegations"). The applicable standard is stated in Fed. R. Civ. P. 8(a)(2), which requires that a pleading setting forth a claim for relief contain "a short and plain statement of the claim showing that the pleader is

entitled to relief." Thus, a complaint must set forth sufficient information to suggest that there is some recognized legal theory upon which relief can be granted. When the complaint fails to meet this standard, it is subject to dismissal. In evaluating a Fed. R. Civ. P. 12(b)(6) motion to dismiss, a court may consider the complaint, the exhibits attached thereto, matters of public record and documents that form the basis of the claim at issue. Lum v. Bank of America, 361 F. 3d 217, 222 n. 3 (3d Cir. 2004).

### A. The Complaint Should Be Dismissed Because It Fails to Satisfy the General Pleading Standard of Fed. R. Civ. P. 8(a)(2).

Plaintiff's Complaint should be dismissed with prejudice as to Old Republic, as Plaintiff has failed to allege any facts upon which a claim may be stated against Old Republic. As noted above, Plaintiff filed this action

> in order to help rectify and shine a light on a wrong that took place many years ago with respect to "fraudulent deed transfers and parcels" and seeking a full restitution of all claims, assets monies and resources that belong to the ESTATE OF LILLIAN HARRIS ...

(See the Complaint, ¶2). Plaintiff does not, however, allege that Old Republic participated in a fraud or committed any wrongful acts, and none of the counts of the Complaint are expressly directed against Old Republic. Plaintiff appears to be pursuing the $6,000.000.00 escrow monies which Old Republic is holding against claims that could be asserted by Plaintiff to obtain title to 35-02 and 94-11. (Id.) Plaintiff, however, is not entitled to those monies.

The purchaser of 35-02 and 94-11 agreed to accept title to 35-02 and 94-11 with an exception in his fee title policy in claims arising from the Estate of Lillian if the $6,000,000.00 was deposited in escrow with Old Republic. (See the Complaint, Exhibit "M"). The escrow is to be released upon a final, non-appealable order that neither the Estate of Lillian, nor any of her heirs at law, have a fee interest in 35-02 and 94-11. (Id.) Pursuant thereto, the escrow payment was deposited with, and is currently being held by, Old Republic, and bar claim actions have been filed in the Supreme Court of the State of New York, Queens County, to quiet title to 35-02 and 94-11. (See the Complaint,

Exhibits "A" and "J"). By filing this action, Plaintiff is effectively seeking to do an "end-around" those cases and obtain the escrow monies in this action. Plaintiff is not entitled to such relief. The Complaint fails to assert any facts establishing that Plaintiff is entitled to relief of any kind against Old Republic. For that reason, it should be dismissed as to Old Republic with prejudice.

**B.    The Complaint Should Be Dismissed Because It Fails to Satisfy the Heightened Standards for a Pleading Alleging Fraud as Set Forth in Fed R. Civ. P. 9(b).**

As to Old Republic, the Complaint fails to satisfy Fed R. Civ. P. 9(b) because it does not allege, specifically or otherwise, that Old Republic committed fraud against Plaintiffs. Fed R. Civ. P. 9(b) requires a party who pleads allegations of fraud to "state with particularity the circumstances constituting" the fraud. It is well settled that the constituent elements of a cause of action for common law fraud are "a material misrepresentation of a presently existing or past fact, knowledge or belief by defendant in its falsity, defendant's intention that the plaintiff rely on it, reasonable reliance by plaintiff, and damage." Hoffman v. Asseenontv.com, 404 N.J. Super. 415, 429 (App. Div. 2009) (citing Gennari v. Weichert Co. Realtors, 148 N.J. 582, 610 (1997)). "Because fraud is a conclusion of law, it may not be charged in general terms. A plaintiff must `inject precision and some measure of substantiation into [his] allegation of fraud.'" Yost v. General Motors Corp.. 651 F. Supp. 656, 658 (D.N.J. 1986) (emphasis added) (quoting Seville Indus. Machinery Corp. v. Southmost Machinery Corp., 742 F. 2d 786, 791 (3d Cir. 1984), cert. denied, 469 U.S. 1211, 105 S. Ct. 1179, 84 L. Ed. 2d 327 (1985)). "The pleadings must state - with particularity - facts showing the fraud, reliance and facts showing damages." Id. (quoting Hyland v. Kirkman, 157 N.J. Super. 565, 584 (Ch. Div. 1978)); see Frederico v. Home Depot, 507 F. 3d. 188, 200 (3d. Cir. 2007)("To satisfy this standard, the plaintiff must plead or allege the date, time and place of the alleged fraud or otherwise inject precision or some measure of substantiation into a fraud allegation.")).

Plaintiffs' Complaint should be dismissed as to Old Republic because it does not allege that Old Republic committed fraud. Again, as noted above, Old Republic has been named as a defendant

solely because of the escrow monies it is currently holding. That, in and of itself, is not actionable and certainly does not constitute fraud. Old Republic's motion should be granted, and the Complaint should be dismissed with prejudice as against Old Republic.

### C. The Statute of Limitations Has Run on Plaintiff's Claims.

Plaintiff's claims sound in fraud. (See the First, Second and Third Causes of Action to the Complaint). Under New Jersey law, the statute of limitations for fraud is six (6) years. See N.J.S.A. 2A:14-1. It accrues on the date of the act or omission that gives rise to the fraud claim, or the date on which the act or omission reasonably should have been discovered. Id.; Lopez v. Swyer, 62 N.J. 267, 275 fn. 2 (1973). Under New York law, the statute of limitations for fraud "is the greater of six years from when the cause of action accrued or two years from when the fraud was discovered or with reasonable diligence should have been discovered. Boesky v. Levine, 190 A.D.3d 403, 405, 147 N.Y.S.3d 2, 4-5 (1st Dept. 2021).

As alleged in ¶2 in the Complaint, Plaintiff filed this action "in order to help rectify and shine a light on a wrong that took place many years ago with respect to `fraudulent deed transfers and parcels' ... " Plaintiff alleges that his brother, Richard Harris, orchestrated the alleged fraud. (See the Complaint, ¶6a). The "parcels" to which Plaintiff is referring are the Properties, which are set forth in ¶30 of the Complaint, and which Plaintiff alleges belong to the Estate of Lillian. Some of the transactions at issue took place as far back as in the 1960s. (See the Complaint, ¶¶24, 28, 36-41, 43-47). Plaintiff further alleges that the "parcels" were thereafter "improperly and fraudulently transferred" to GMARC. (See the Complaint, ¶¶21, 33). At least 2 of the transactions involving GMARC allegedly occurred in 1982. (See the Complaint, ¶¶50-51).

Plaintiff's pursuit of the Properties began, at the latest, in 1993 when he filed a Petition with the Nassau County Surrogate's Court seeking an order awarding Letters of Temporary Administration, authorizing him to act on behalf of the Estate of Lillian. (See the Macy Aff., Exhibit 3, attached to the Counsel Cert. as Exhibit "C") On December 16, 1993, the Surrogate's Court granted Plaintiff his request. (See the Macy Aff., Exhibit 4, attached to the Counsel Cert. as Exhibit

"C"). In making its ruling, the Surrogate's Court found that Plaintiff's "primary concern [was] not the probate of the will but to seek to have a representative appointed to pursue certain assets of the decedent that presently may be in the possession of the other two children, Richard and Rosalie Harris." (Id.) This establishes that Plaintiff knew or should have known of the fraud alleged in his Complaint at least as far back as 1993, and that the clock started to run on his claims at that time. Understanding that he has a statute of limitations problem, Plaintiff has requested a "reset" of the statute of limitations in his First Cause of Action. No basis exists, however, to allow such a "reset." The statutes of limitation for fraud applicable to both New York and New Jersey have long since run, and Plaintiff's claims should therefore be dismissed with prejudice.

### D.    Plaintiff Does Not Have the Authority to Appear On Behalf of His Deceased Mother and Brother.

Plaintiff filed this case on his own behalf as well as on behalf of the Estates of his deceased mother, Lillian, and his deceased brother, Eugene Harris. (See the Complaint, ¶¶ 9, 10). He has not, however, established his right to represent those Estates. Plaintiff alleges in ¶9 of the Complaint that he "has been fighting for Letters of Administration for" his mother's "Estate since around 1993." Plaintiff further alleges in the caption of the Complaint that he has filed the Complaint "on behalf of his Brother EUGENE HARRIS ... by Power of Attorney from his wife ZIVA HARRIS." Those allegations serve as admissions that Plaintiff does not have the authority to appear on behalf of his mother and brother, as he has not been issued letters of administration authorizing him to do so. Without such authority, his claims on behalf of those Estates should be dismissed with prejudice.

15

## **Conclusion**

For the reasons submitted, Old Republic's Motion to Dismiss the Complaint should be granted.

Respectfully submitted.

SIMIO & JONES, LLP
Attorneys for Defendant
Old Republic National Title Insurance Company

By: _____
WILLIAM B. JONES, II

Dated: January 30, 2025

16