**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

**EMMANUEL COFFY, ESQ.**
**COFFYLAW, LLC**
**515 Valley St., Annex Bldg., Suite 1**
**Maplewood, New Jersey 07040**
**Attorneys for Plaintiff**
**Attorney Bar ID: 047132004**
**Tel. No. 973-996-2947**
**Fax No. 973-996-2952**

| | |
|---|---|
| PHILIP HARRIS PHILIP HARRIS on Behalf of his Mother LILLIAN HARRIS, LILLY HARRIS A/K/A LILLIAN HYMAN, PHILIP HARRIS on Behalf of the <u>ESTATE OF LILLIAN HARRRIS,</u> PHILIP HARRIS on Behalf of his Brother EUGENE HARRIS, EUGENE HARRIS "GENE" HARRIS by Power of Attorney from his wife ZIVA HARRIS AND ALL OTHERS SIMILARLY SITUATED KNOWN AND UNKNOWN <div align="right">Plaintiffs,</div> vs. ROSALIE HARRIS, HELEN HARRIS, RICHARD HARRIS, ESTATE OF RICHARD HARRIS, GREAT MID ATLANTIC REALTY CORPORATION, ADVANTAGE TITLE (Title no SSA-47259-20) OLD REPUBLIC TITLE COMPANY also known as OLD REPUBLIC TITLE INSURANCE COMPANY ( Title no OCHAMP -061163Q), NEW HORIZON NEW JERSEY TITLE CO. also known as NEW HORIZON ABSTRACT INC AND ALL OTHERS SIMILARLY SITUATED KNOWN AND UNKNOWN, JOHN DOES 1 to 10 <div align="center">Defendants.</div> | Civil Action No. 2:24-cv-10258 FIRST AMENDED COMPLAINT FOR DECLARATORY   AND INUNCTIVE RELIEF AMENDED CAPTION |

1

**<u>INTRODUCTION</u>**

1.    This case is brought by Plaintiffs, PHILIP HARRIS and Plaintiffs, PHILIP HARRIS on behalf of the ESTATE OF LILLIAN HARRIS and as executor and as a beneficiary of the ESTATE. PHILIP HARRIS, PHILIP HARRIS on Behalf of his Mother LILLIAN HARRIS, LILLY HARRIS A/K/A LILLIAN HYMAN, PHILIP HARRIS on Behalf of his Brother EUGENE HARRIS, EUGENE HARRIS "GENE" HARRIS who is also a beneficiary of the Estate. EUGENE HARRIS, EUGENE HARRIS "GENE" HARRIS  wife ZIVA HARRIS has agreed to and is allowing Mr. PHILIP HARRIS to co-join with her in bringing these "GLOBAL CLAIMS" for the ESTATE under this Docket. <u>PHILIP HARRIS is in the process of receiving Letters of Administration in the Surrogates Court of the State of New York, Nassau County</u>.

2.     This case is brought in order to help rectify and shine a light on a wrong that took place many years ago with respect to "fraudulent deed transfers and parcels" and seeking a full restitution of all claims, assets monies and resources that belong to the ESTATE OF LILLIAN HARRIS including and not limited to approximately $6,000,000 (Six Million Dollars) that is being held with Old Republic Title Insurance Company in the State of New York.

<u>In order to effectively and affordably process "global claims" as part of litigation that has been brought before this Court, this case is also brought by Plaintiffs, PHILIP HARRIS on behalf of his deceased brother EUGENE HARRIS' interest in the ESTATE OF LILLIAN HARRIS. Known as EUGENE HARRIS, **EUGENE HARRIS "GENE" HARRIS** is also a beneficiary and heir of the Estate of LILIAN HARRIS. **ZIVA EVA HARRIS** is the legal wife and kin of Eugene Harris and his living beneficiary and heir and she has allowed PHILIP HARRIS her "brother in law" and brother of EUGENE HARRIS a "limited power of attorney" and authority to act on her and her deceased husband's behalf and to process global claims as part of all litigation in the interest of the Estate of Lillian Harris.</u>

3.      To that end, Philip Harris along with Eugene Harris and Ziva Harris, his wife also share an interest in their mother Lillian Harris's Estate which upon information and belief were the **(7) seven parcels of real estate** that were fraudulently conveyed from the Estate by RICHARD HARRIS, PHILIP HARRIS and ROSALIE HARRIS' deceased brother. ROSALIE HARRIS the primary Shareholder in GREAT MID ATLANTIC REALTY, the final corporation that Richard Harris formed before his criminal indictment in or about 1982, actually made his sister not his wife Helen 100% Shareholder in the Corporation that was founded solely to hold his mother's property. Rosalie Harris in many documents over the course of litigation has admitted the parcels belonged to their parents HERMAN and LILLIAN HARRIS.   Those parcels include and but not be limited to:

**LILLIAN HARRIS' properties include and are not limited to:**

1. 37-92 91st Street, Jackson Heights, NY Block 01479, Lot 00064

2. 94-11 37th Avenue, Jackson Heights, New York Block 01468, Lot 00036

3. 35-02 30th Avenue, Astoria, New York Block 00650, Lot 00042

4. 779 Newark Avenue, Jersey City, New Jersey

5. 129 Rivington Street, New York, New York 10002

6. 1925 Surf Avenue, Brooklyn, New York

7. 2916 Railroad Avenue, Brooklyn, New York

8. TBD (To be determined) 3018 2nd Street, Brooklyn, New York Block 08671, Lot 00746/Rosalie Harris separate purchase.

4.      **Diversity Jurisdiction (New Jersey** is that State where the original fraud occurred by way of Richard Harris, documents by dummy corporations, fraudulent signatures and the documents were then memorialized in the State of New York). PHILIP HARRIS, ,Eugene Harris deceased and Ziva Harris, his wife Plaintiffs, PHILIP HARRIS on behalf of the ESTATE OF LILLIAN HARRIS, PHILIP HARRIS on behalf of his Mother LILLIAN HARRIS, LILLY HARRIS A/K/A

LILLIAN HYMAN, were not allowed to intervene in the dissolution of corporation proceedings in the State of New York Nassau County- **Index no 602952/2019** Supreme Court of the State of New York County of Nassau, In the Matter of the Application of HELEN HARRIS Holder of One Half of All of the Outstanding Shares Entitled to Vote in an Election of the Directors of the GREAT MID ATLANTIC REALTY CORP., For the Dissolution of the GREAT MID ATLANTIC REALTY CORP. a Domestic Corporation, and ROSALIE HARRIS, Respondents, because they were not Shareholders in the company and thus **was prejudiced from preventing the sale of properties** by way of Receivership.

5.      **In the year 2024,** Philip Harris by way of the criminal clerk of Nassau County, recently discovered and was sent Criminal Indictment paperwork for his deceased brother **RICHARD HARRIS**  the one who formed GREAT MID ATLANTIC REALTY,  ("**Indictment no. 52104 4/7/1981**, The People of the State of New York vs. Richard Harris charges of grand larceny in the 2nd degree, criminal possession of a **"forged instrument"** in the 2nd degree, scheme to defraud (false leases on a property).

6.      **GUILTY PLEA** -Apparently Richard Harris defrauded more than a dozen people with fraudulent lease agreements. Mr. Richard Harris was sentenced **March 12, 1982**. Richard Harris plead guilty on **February 19, 1982** to criminal possession of a forged instrument. Upon information and belief Mr. Richard Harris was a professional forger **("FORGER")**. A forger is a person who makes a forgery, which is the act of creating a false or fraudulent copy of something, such as a document, signature, artwork, or money. **Intent:** Forgery is typically done with the intent to deceive or defraud someone, often for financial gain. **Legal Consequences:** Forgery is a crime in most jurisdictions, and the penalties can vary depending on the type of forgery and the

jurisdiction. Richard Harris has committed financial crimes on the Estate of Lillian Harris and in turn against his brothers Philip Harris and Eugene Harris and Ziva Eva Harris.

7.    **Necessary Parties to the Action(s)** Title Companies, **Title Policy Claims- Chain of Title Errors**, Title Policy is holding assets of the ESTATE OF LILLIAN HARRIS, $6,000,000 (Six Million Dollars) that is being held with Old Republic Title Insurance Company. Title companies admit that they were directed by Richard Harris wife Helen Harris counsel Macy, Esq to only search parcels back to 1967 which would have not revealed ownership of properties by Herman Harris and Helen Harris.  "However, as set forth in the enclosed email, Advantage Title was instructed by Berkman Henoch attorneys to run the title search only to 1967, not any further."

> See **December 14, 2023** Letter from Sanford Strenger, Esq Receiver
>
> " As detailed below a major issue has arisen in title, in connection with the sale of the Commercial Properties arising from how the Harris family have operated their business over the past 60 plus years. The issue has been brought to light by Philip Harris filing a petition in Surrogate's Court to probate the 1982 will of Lilly Harris (mother of Richard (Helen's late husband), Rosalie, Eugene and Philip) and his past actions in asserting, in sum and substance that he is entitled to a portion of the real property assets or their proceeds which are owned by Great Mid Atlantic Realty Corporation. As result of these potential claims and pending Probate proceeding the Title Company, Old Republic Title Insurance, will not insure fee title or a mortgage policy unless certain conditions are met."
>
> "In preparation for the closing of the sale the Title Company, Old Republic Title Insurance Company for the Purchaser, raised as an objection to title with respect to both properties based upon the existence of 1966 deeds, recorded on July 26, 1967, in which the mother of the Shareholders in Grand Mid Atlantic Realty Corp, Lilly Harris, executed a deed from an entity known as Risly Realty Corp., to herself with respect to each Commercial Property. Although these deeds are dated and recorded after respective deeds for each Commercial Property executed by Risly to Richard Harris, the deceased husband of Plaintiff Helen Harris, Lilly Harris' 1982 death bed will asserts that transfers of properties she asserts in the will belong to her ( including each of the Commercial Properties) were transferred without her consent by certain of her children to themselves and corporations they own and that her desire is that all properties be shared equally between all four of her children".

"Lilly Harris' will was presented for probate in 1984 under proceeding number 2232373 by Eugene Harris, son of Lilly and brother to Philip, Richad (Helen's husband) and Rosalie. NYSCEF Doc 2321. Surrogate Court records indicate that probate proceeding has not been officially determined and concluded."

    a.     Quiet Title" actions under 710765/2024 112-45 SPRING LLC v. PHILIP HARRIS et al - 710773/2024 - Queens County Supreme Court Short Caption: 105-16 FLAT LLC v. PHILIP HARRIS et al vs PHILIP HARRIS, HELEN HARRIS and ROSALIE HARRIS. / ESTATE OF LILLIAN HARRIS 94-11 37th Avenue, Jackson Heights, New York 11372, Block 01468, Lot 00036 105-16 FLAT LLC Index no 710773/2024  35-02 30th Avenue, Astoria, New York 11103 a/k/a 30-05 35th Street, Astoria, New York 11103 ("Property") Block 00650, Lot 00042 112-45 SPRING, LLC Index no 710765/2024.

    b.     Surrogates Court of the State of New York County of Nassau, In the Matter of the Application of PHILIP HARRIS, a/k/a LILY HARRIS and LILLIAN HYMAN, **FILE Nos: 232373, 232373(a),232373(b), 232373(c) and 232373(d)**Deceased, and further seeking OBJECTIONS TO PROBATE AND LETTERS OF ADMINISTRATION c.t.a. LETTERS OF ADMINISTRATION c.t.a.

8.    Counsel for Old Republic Title Companies ***posture is incorrect,*** as a fiduciary holder of Estate Assets, it has no right to opine on the rights and more importantly the financial and jurisdictional rights of heirs and beneficiaries of an Estate whereby fraud has occurred. The ***fraud in question here took place in both States in the State of New Jersey and New York*** and the property **779 Newark Avenue, Jersey City, New Jersey** was recently sold in the State of New Jersey as part of Estate assets and that property was also transferred to Great Mid Atlantic Realty by way of fraud. Title 28 of the United States Code (28 U.S.C.A.) governs the federal judicial system, encompassing jurisdiction and venue for federal courts, including district courts and the Supreme Court. Counsel of Old Republic, "Argues that venue is improper under Fed. R. Civ. P. 12 (b) (3) because the events forming the basis of Plaintiff's Complaint "all" occurred in New York and all but one of the properties which are at issue in the complaint remain in New York.

9.      Plaintiff's Philip Harris et al are not simply speaking to the sale of the properties rather they are encompassing the entire controversy and matter and the underlying fraud including forgery of documents and theft of Estate assets in both the State of New York and the State of New Jersey.

"In the context of fraud, 28 U.S.C. §§ 1331 and 2201(a) essentially mean that a federal district court has jurisdiction to hear a civil case alleging fraud if the claim arises under the U.S. Constitution, laws, or treaties, and can also use the Declaratory Judgment Act (2201(a)) to seek a declaration regarding the legal rights and relations involved in a fraudulent situation, provided there is a concrete controversy between the parties. 28 U.S.C. § 1331 (Federal Question Jurisdiction):

This statute grants federal courts original jurisdiction over all civil actions that arise under the Constitution, laws, or treaties of the United States. So, if a fraud claim involves a violation of federal law, a plaintiff can bring their case in federal court under this section. 28 U.S.C. § 2201(a) (Declaratory Judgment Act): This provision allows a court to issue a declaratory judgment in a case of actual controversy, meaning that a party can seek a court decision clarifying their legal rights and obligations even before an actual injury occurs. This can be particularly useful in fraud cases where a party wants to know if a certain action constitutes fraud before taking further steps."

10.     PHILIP HARRIS et al is seeking justice in this Court in the State of New Jersey as the original fraud occurred in this State.  PHILIP HARRIS et al was not allowed to intervene in the "Dissolution of Great Mid Atlantic Realty" as a **non shareholder.** Great Mid Atlantic Realty was formed to hold assets by way of fraudulent transfers. The original Estate documents, deeds, dummy corporations were all domiciled and recorded first in the State of New Jersey and then in the State of New York.

If PHILIP HARRIS et al (Eugene Harris and Ziva Harris, his wife) is allowed an opportunity to shed light on the fraud and forgery, then the argument pertaining to any and all Statute of Limitations in this matter is mute and PHILIP HARRIS et al can seek full Restitution for Unjust Enrichment and Fraud on their **own behalf** and **on behalf** of the ESTATE OF LILLIAN HARRIS a/k/a LILLIAN HYMAN

7

HARRIS **against** HELEN HARRIS, RICHARD HARRIS and the ESTATE OF
RICHARD HARRIS as well as against ROSALIE HARRIS and their HEIRS

## JURISDICTION AND VENUE

11.    The Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 2201(a).

Jurisdiction is also proper under the judicial review provisions of APA, 5 U.S.C. § 702.

12.    18 U.S. Code § 3663A allows for mandatory restitution to victims of certain crimes. A court

can order restitution, meaning the defendant must repay the victim for their losses, and this order

can be enforced through civil means, including garnishment and liens.

13.    Declaratory and injunctive relief is sought as authorized by 28 U.S.C. §§ 2201 and 2202.

14.    Declaratory and injunctive relief under 28 U.S.C. § 1367, a federal district court may

exercise supplemental jurisdiction over state-law claims that the court would not otherwise have

subject matter jurisdiction to hear, as long as the claims are part of the same case or controversy

as the claims over which the court has original jurisdiction (28 U.S.C. § 1367(a)).

15.    Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b)(2) and (e)(1). Defendants

sold property in the State of New Jersey without proper foreign domestic corporate filings, which

is a failure of appointed receiver due diligence. The properties, parcels and real estate in the matter

involve the State of New York and the State of New Jersey. The underlying fraud and criminality

in the entire matter occurred in the State of New Jersey, Hudson County specifically Jersey City.

16.    This matter is brought to this Court as it relates to cross jurisdictional property and deed

fraud by way of individual and by way of dummy corporations. The matter is also brought for

the following reasons:

     a.    in order to **reset the clock and statute of limitations** based on fraud and
theft of real property and estate property with the recent sale of real property assets that

belong to the ESTATE OF LILLIAN HARRIS by Great Mid Atlantic Realty Corp. Plaintiff, PHILIP HARRIS alleges that his brother RICHARD HARRIS **(criminal indictment found in 2024)** fraudulently transferred deeds of family owned properties specifically at the time that his mother had possession of the deeds. Upon information and belief the alleged corporations that were affiliated with the property deeds were "dummy corporations" meaning that the corporations that allegedly transferred those deeds never existed. The corporation 1966 RISLY REALTY CORPORATION that held the property was a "bogus" corporation.

 b. Not only did Helen Harris and Rosalie Harris gain from this fraud, upon information and belief the Courts of the State of New York Nassau County and the Appointed Receiver Strenger, Esq County has already released approximately over $8,000,000 ("Eight Million Dollars") to Helen Harris and Rosalie Harris allegedly shareholders of corporation that was in essence holding stolen parcels). Mr. Harris is seeking to preserve and garner at least the $6,000,000.00 that Old Republic Title Company is holding. *( See "Exhibit A- Part 1 - Final Dissolution Judgment Great Mid Atlantic Realty; Part 2- Spreadsheet Final Accounting of Receivership Strenger, Esq.")*

 c. To address all unjust enrichment and equitable recoveries to the ESTATE OF LILLIAN HARRIS from: (1) Great Mid Atlantic Realty Corp., (2) Helen Harris, and (3) the Estate of Richard Harris and Rosalie Harris from this specific transaction in the amount of no less than **$14,098,831.63** ("Fourteen Million Ninety Eight Thousand Eight Hundred and Thirty One Dollars and Sixty Three Cents.")

 <u>d.</u> Mr. Richard Harris "**Indictment no. 52104 April 7, 1981,** 10 months later he plead guilty on **February 19, 1982** sentenced **March 12, 1982.**  Richard Harris by way of Rosalie Harris formed Great Mid Atlantic Realty Corp on **August 23, 1982.**  Great Mid Atlantic Realty Corp operated primarily as a a shell corporation a company that exists primarily on paper, lacking active business operations, employees, or significant assets, often used to hold assets, facilitate transactions, or hide the identity of beneficial owners, though not necessarily for illegal purposes.

## PARTIES

17. **LILLIAN HARRIS, LILLY HARRIS, LILLIAN HYMAN** deceased was the wife of

**HERMAN LEOPOLD HARRIS** and the father of PLAINTIFF, PHILIP HARRIS. Upon

information and belief, HERMAN LEOPOLD HARRIS conveyed all of the family parcels to his

wife LILLIAN HARRIS, LILLY HARRIS, LILLIAN HYMAN in the 1950's and at the very

least beginning 1954. *(See "Exhibit B- page 4,Part 1- Deed 6712, Page 534, September 1, 1954*

*between Herman Harris and Lilly Harris 37-27 91st Street,  Jackson Heights, Long Island*

*City, New York "premises conveyed 37-27 91st Street", Part 2 - Deed 6712, Page 537, 538, 539, September 1, 1954  between Herman Harris and Lilly Harris 37-27 91st Street,  Jackson Heights, Long Island City, New York "premises conveyed 30-05 35th Street" Part 3- Deed 7822, Page 272 September 14, 1965 between Lilly Harris and  Risly Realty Corporation (Risly was not a real company "premises conveyed 30-05 35th Street") Exhibit B Part 4 Part 4 Earliest Deed to Lilly Harris 1950 Deed 5885 Page 135, 136, 137, 138 941 Realty and Lilly Harris N.W. C 37th Avenue and 95th Street)*

18.     Upon information and belief and according to TAX RECORDS the primary addresses listed for LILLIAN HARRIS, LILLY HARRIS, LILLIAN HYMAN are **779 Newark Avenue, Jersey City, New Jersey 07306** and **37-27 91st Street, Jackson Heights, New York 11372.** *(See "*EXHIBIT C*- page 4 Lilly Harris- Tax Liens 1970, 1972, 1975, 1981 Tax Lien Statements Lilly Harris a/k/a Lillian Hyman soc ending in 2078, Notice of Federal Tax Lien Under Internal Revenue Laws  779 Newark Avenue, Jersey City").*

19.     **PHILIP HARRIS** is the SON of LILLIAN HARRIS, LILLY HARRIS, LILLIAN HYMAN PLAINTIFF who is helping to bring about **"GLOBAL CLAIMS"** in this matter. PHILIP HARRIS is a beneficiary of the ESTATE OF LILLIAN HARRIS, LILLY HARRIS, LILLIAN HYMAN. PHILIP HARRIS has been fighting for Letters of Administration for the Estate since or around 1993. PHILIP HARRIS resides at **24 The Hollows, East Norwich, New York 11732**.

20.     **EUGENE HARRIS/ a/k/a GENE HARRIS** is the SON of LILLIAN HARRIS, LILLY HARRIS, LILLIAN HYMAN and the brother of PHILIP HARRIS, PLAINTIFF in this matter. EUGENE HARRIS is a **25% ("Twenty-Five Percent")** beneficiary of the ESTATE OF LILLIAN HARRIS, LILLY HARRIS, LILLIAN HYMAN along with PHILIP HARRIS,

ROSALIE HARRIS and RICHARD HARRIS (indicted brother, deceased). Upon information and belief, EUGENE HARRIS lived with his wife ZIVA EVA HARRIS. He resided in and died in the State of Nevada and has held an address at **3594 Algonquin Drive, Las Vegas, Nevada 89169**. *("See __Exhibit D__- page 5 Part 1 Surrogates Court File no 232573 Nassau breakdown of each sibling share 25% each, EUGENE HARRIS, EXHIBIT D Part 2 Surrogates Court lagged proceeding").*

21.    RICHARD HARRIS (R. HARRIS) is and/or was the SON of LILLIAN HARRIS, LILLY HARRIS, LILLIAN HYMAN and the brother of PHILIP HARRIS. Upon information and belief, RICHARD HARRIS (R. HARRIS) was one of the co-founders along with his sister ROSALIE HARRIS of **GREAT MID ATLANTIC REALTY CORP.**

Upon information and belief, RICHARD HARRIS (R. HARRIS) resided with his wife HELEN HARRIS in the State of New York, County of Nassau up until his death at Three (3) Channel Drive, Kingspoint, New York 11024. HELEN HARRIS the Petitioner, Index no 602952/2019 Supreme Court of the State of New York County of Nassau", was held an owner interest in **GREAT MID ATLANTIC REALTY CORP.** and even though her husband RICHARD HARRIS founded the Real Estate Holding entity he was not a "SHAREHOLDER." *("See __Exhibit E__- page 6- Great Mid Atlantic Realty Agreement 1982 Rosalie Harris and Helen Harris").*

22.    Upon information and belief, RICHARD HARRIS (R. HARRIS) is also the party and/or person that has perpetrated a criminal scheme of theft and fraud on the family property and is a core party and "MASTERMIND" to the theft by way of real property parcel transfers through a Bargain and Sale Deed that was originally memorialized with the **Hudson County Clerk's** office Jersey City. Upon information and belief, the addresses that were listed directly to Mr. Richard

Harris residence includes residing at **3889 Sedgwick Avenue, Bronx, New York** also at 37-27 91st Street, Jackson Heights. **ESTATE OF RICHARD HARRIS** assets to TBD To be determined! *("Exhibit F page 6- Richard Harris Co-Counsel Letter to Hon Nassau County Judge Driscoll dated September 23, 2024 included indictment papers re Richard Harris.")*

23.     HELEN HARRIS is the "WIFE" of RICHARD HARRIS and the daughter in law of LILLIAN HARRIS, LILLY HARRIS, LILLIAN HYMAN deceased and describes herself as the holder of one-half of all of the outstanding shares entitled to vote in an election of directors of GREAT MID ATLANTIC REALTY CORP. HELEN HARRIS is the party that also initiated the action for the dissolution of GREAT MID ATLANTIC REALTY CORP. and started the Petition against her sister in law ROSALIE HARRIS. *("See Exhibit E- page 6- Great Mid Atlantic Realty Agreement 1982 Rosalie Harris and Helen Harris.")*

24.     Upon information and belief, HELEN HARRIS resides at Three Channel Drive, Kings Point, New York. Upon information and belief, the address for GREAT MID ATLANTIC REALTY CORP is **67 Bayview Drive, Great Neck, New York.** Upon information and belief, GREAT MID ATLANTIC REALTY CORP is registered at the same address as ROSALIE HARRIS, RICHARD HARRIS and PHILIP HARRIS's sister namely,  67 Bayview Avenue, Great Neck, New York. Upon information and belief GREAT MID ATLANTIC REALTY CORP *never registered as a "foreign domestic corporation in the State of New Jersey in order to hold property in the State.* Department of Corporation filings are only with the State of New York Department of Corporations DOS ID:788823. *("See Exhibit G- page 7 New York State Department of State Great Mid Atlantic Realty.")*

25.    ROSALIE HARRIS is the sister of RICHARD HARRIS and the sister of PHILIP HARRIS. Upon information and belief and from the entire lifetime of the assets, ROSALIE HARRIS has always had a better relationship with her brother RICHARD HARRIS and allegedly conspired with him in the taking over and the controlling of family assets and more specifically the real property title to the seven parcels of real property.

26.    GREAT MID ATLANTIC REALTY CORP's address is listed as 67 Bayview Drive, Great Neck, New York. Upon information and belief, GREAT MID ATLANTIC REALTY CORP is registered at the same address as ROSALIE HARRIS, RICHARD HARRIS and PHILIP HARRIS's sister namely,  67 Bayview Avenue, Great Neck, New York. ***Chief Executive Officer's Name and Address, Name: R. HARRIS Address: P.O. BOX 106, GREAT NECK, NY, UNITED STATES, 11022, Principal Executive Office Address: 67 BAYVIEW AVE, GREAT NECK, NY, UNITED STATES, 11021***

27.    Upon information and belief GREAT MID ATLANTIC REALTY CORP never registered as a foreign domestic corporation in the State of New Jersey. According to the petition, "In the Matter of the Application of Helen Harris, et al. v. Great Mid Atlantic Realty Corp., a Domestic Corporation and Rosalie Harris - Supreme Court, Nassau County; Index No.: 602952/2019, paragraph 5-8;

> "Since the time of its formation, the corporation has acted essentially as the owner and lessor of certain real property located within and without the State of New York. That the Corporation was incorporated on or about **August 23, 1982** and has operated and existed continuously since that date. PARAGRAPH 7- That the Corporation was originally formed and established at the direction of Helen Harris's late husband to hold title to the seven parcels of real property which compromise the principle assets of the Corporation. That Rosalie Harris the is the Sister of Petitioner HELEN HARRIS's late husband RICHARD HARRIS.  ***(" See Exhibit H Petition by HELEN HARRIS MATTER OF Index no 602952/2019 Supreme Court of the State of New York County of Nassau.")***

28.    **ADVANTAGE TITLE** (Title no SSA-47259-20), has a business address at 201 Old Country Road, Suite 200, Melville, New York 11747 phone: 631-424-6100 questions@ advantagetitle.com. Advantage Title describes itself as a full-service title insurance agency and partner agency of Acrisure. *(" See __Exhibit I__ document dated June 23, 2020 Chain of Title submitted to Joseph Macy, Esq of Berkman, Henoch, Peterson, Peddy & Fenchel, P.C.")*

29.    **OLD REPUBLIC TITLE COMPANY** also known as OLD REPUBLIC TITLE INSURANCE COMPANY (Title no OCHAMP -061163Q) Old Republic Title Co, Corporate Legal Department New York Legal Claims 400 Post Avenue Suite 310 Westbury, NY 11590 Office: (516) 478-5690 Fax: (516) 595-8511 nyclaims@oldrepublictitle.com: upon information and belief, Old Republic Title Company has in its possession and escrow the sum of $6,000,000.00 set aside for any claims related to the Estate of Lillian Harris/Estate of Lilly Harris and any title claims. Currently there are two Quiet Title Actions in the State of New York **710765/2024** - Queens County Supreme Court, 112-45 SPRING LLC v. PHILIP HARRIS et al Case Type: Real Property - Other (Quiet Title), Case Status: Pre-RJI and **710773/2024** - Queens County Supreme Court, 105-16 FLAT LLC v. PHILIP HARRIS et al Case Type: Real Property - Other (Quiet Title), Case Status: Pre-RJI *(See __Exhibit  J__ Copies of Summons and Complaints for both Quiet Title Actions in the State of New York 710765/2024 - 710773/2024 Queens County Supreme Court).  __Subpoenas to be served.__)*

30.    **NEW HORIZON NEW JERSEY TITLE CO. also known as NEW HORIZON ABSTRACT INC.** Title Closing and Processing with a business address at 977 highway 33 suite 102, Monroe NJ 08831 732-786-3040 732-862-2830 info@nhabstract.com: upon information and belief New Horizon was the title company that was hired to do the processing and closing of the

sale of 779 Newark Avenue, Jersey City, New Jersey. Upon information and belief and according to Court records, Toni Ann Barone, Esq. was appointed Counsel to the Receiver, Sanford Strenger, Esq by order dated **July 25, 2023**, and upon information and belief, 779 Newark Avenue, Jersey City, New Jersey was sold to an entity known as Luck Three, LLC for approximately $1,300,000.00. ___Subpoenas to be served ("See_ Exhibit K-page 9 Sale of the Property 779 Newark Avenue by Strenger, Esq on behalf of Great Mid Atlantic Realty First American Title- New Horizon")_

## HISTORY OF BAD DEEDS, FAILURE OF PROPER REPRESENTATION AND/OR NO LEGAL REPRESENTATION OF PHILIP HARRIS - PERSONAL SICKNESS OF PHILIP HARRIS PREVENTED HIM FROM DOING AND COMPLETING ESTATE PROCEEDINGS.

31.     Mr. PHILIP HARRIS believes and has evidence that his family's properties specifically that parcels that were deeded over to his mother LILLIAN HARRIS from his father HERMAN HARRIS were *improperly and fraudulently transferred* to a Corporate "Corp" entity that was set up by his criminally indicted brother RICHARD HARRIS. That Corporate entity is known as GREAT MID ATLANTIC REALTY CORPORATION. Mr. PHILIP HARRIS was prevented from intervening in that matter because he was not a "SHAREHOLDER" owner and or interested party.

32.     The heirs' properties and parcels that were recently sold by GREAT MID ATLANTIC REALTY CORPORATION by way of "'RECEIVERSHIP" including a property in the State of New Jersey "779 Newark Avenue, Jersey City, New Jersey,"  the portfolio of properties recently garnered a sum of no less than **$14,098,831.63.** More than **$8,000,000** of those funds have been transferred to HELEN HARRIS and ROSALIE HARRIS, Mr. PHILIP HARRIS's sister in law

(wife of criminally indicted brother RICHARD HARRIS) and sister ROSALIE HARRIS. **(" See Exhibits F Richard Harris criminal indictments and Exhibits A Accounting Strenger, Esq.")**

33.    It can be evidenced that **GREAT MID ATLANTIC REALTY CORPORATION** was not properly domiciled in the State of New Jersey and therefore could not hold, sell and or transfer property, specifically the property known as 779 Newark Avenue, Jersey City, New Jersey, 07306 Block 09402, Lot 00006 (***Lilly Harris recording federal tax liens, see book /page 15/157 Instrument no. 19700508151154970, record date 05/08/1970 see book /page 16/825 Instrument no 19720928151172900, record date 9/28/1972 see book /page 20/96 Instrument no 19751021151162580 record date 10/21/1975, see book /page 25/460 Instrument no 19810526151166370 record date 05/26/1981***) **(" see Exhibits C Lillian Harris/Lilly Harris Tax Liens and Clerks Records Jersey City.")**

34.        ***JURISDICTIONAL ISSUES HUDSON COUNTY, NEW JERSEY*** and why the matter is being brought before the federal court in the State of New Jersey in the examination of the Deed history in this matter.  In the corresponding paragraphs, the complaint will present and memorialize that many and/or most of the ORIGINAL DEEDS in this matter and as far as the ESTATE was first done with the Court Clerks of the State of New Jersey and then simultaneously filed with the Court Clerks offices in the State of New York. ("See Exhibit L Deed History and Transfers on the Property, Part 1:

> A.    **Feb 4, 1966 rec 36, pages 416-418**  Lillian Equities Incorporated (Gene Harris, a/ka/ Eugene Harris President) with offices at 44 Court Street, Brooklyn, New York and Risly Realty Corporation with an address at 40 Journal Square, Jersey City, New Jersey (" Subject property transfer **1925 Surf Avenue, Brooklyn, New York.**")

B.    **September 2, 1966 rec 474, pages 454-458** Risly Realty Corporation with an address at 40 Journal Square, Jersey City, New Jersey to Lillian Harris with at address at 779 Newark Avenue, Jersey City, New Jersey  (" Subject property transfer being the same premises to Risly Realty Corporation, a New Jersey Corporation by deed of Lillian Harris dated on September 14, 1965 and recorded in the city  register of New York County on September 14, 1965 in deed book 7822 page 272 (description on that deed Lilly Harris with an address at 37-27 91st Street, Jackson Heights, Long Island (QUEENS), New York and Risly Realty Corporation with offices at 40 Journal Square, Jersey City, New Jersey c/o Jacob L. Winograd (" Subject property 30-05 35th Street being the same premises conveyed to Lilly Harris by deed of Herman L. Harris and Lilly Harris his wife, dated September 1, 1954 recorded in the Office of the City Register of Queens County on October 25, 1954 in book 6712, page 537.

C.    Further illustrations of problems with Chain and Title will be more detailed in the following paragraphs. DEED Risly Realty Corporation Dated: **February 7, 1966** Recorded: July 5, 1967 to Liber: 452 Richard Harris Page: 264 NOTE: No deed found of record from Richard Harris back to Risly Realty Corporation.

35.    **APPOINTED RECEIVER and COUNSEL FOR PETITIONER HELEN HARRIS:** Awareness and knowledge of potential issues, inconsistencies and fraud in this matter.

Upon information and belief and under: (1) MATTER OF Index No. 602952/2019 - Supreme Court of the State of New York County of Nassau; (2) In the Matter of the Application

of HELEN HARRIS Holder of One Half of All of the Outstanding Shares Entitled to Vote in an Election of the Directors of the GREAT MID ATLANTIC REALTY CORP., For the Dissolution of the GREAT MID ATLANTIC REALTY CORP. a Domestic Corporation, and ROSALIE HARRIS, Respondents, the firm lead by Sanford Strenger, Esq. Salamon, Gruber, Blaymore & Strenger, P.C 97 Powerhouse Road, Suite 102 Roslyn Heights, New York 11577-2016 sstrenger@sgnblaw.com Phone: (516)625-1700 *("See Exhibit F and also email and Demand Letter August 2024 sent to MACY, ESQ the offices of Berkman, Henoch, Peterson & Peddy, P.C., Attorneys For Plaintiff 112-45 Spring LLC, Attorneys for Plaintiff 105-16 Flat LLC, Attorneys for Petitioner Helen Harris, 100 Garden City Plaza, Garden City, New York 11530, (516) 222-6200, Attn: Joseph E. Macy, Esq. j.macy@bhpp.com (Macy, Esq is representing the new buyers and the petitioner which may present a conflict of interests, Zelenitz, Shapiro & D'Agostino, P.C. Attorneys For Defendant Rosalie Harris, 120-32 Queens Boulevard, 2nd Floor, Kew Gardens, New York 11415, (718) 523-1111, Attn: Brad Zelenitz, Esq.bzelenitz@zsdlaw.com with copy to Strenger, Esq.")*

36.    **ESTATE OF LILLIAN HARRIS/LILLY HARRIS EXTENSIVE DOCKET AND LETTERS:** Letter Sanford Strenger, Esq ("RECIEVER") to Hon Judge Driscoll Nassau County-

Lilly Harris' will was presented for probate in 1984 under proceeding number 2232373 by Eugene Harris, son of Lilly and brother to Philip, Richard (Helen's husband) and Rosalie. NYSCEF Doc 2321. Surrogate Court records indicate that probate proceeding has not been official determined and concluded. In 1993, Philip filed a petition to be a temporary administrator of Lilly's Estate and by Order dated December 16, 1993, Surrogate Radigan appointed Philip as Temporary Administrator "with full authority to pursue any and all claims on behalf of the estate". NYSCEF

Doc 235. That authority has according to Surrogate Court records not been officially revoked, although the letters issued to Philip are stale.

By order dated November 29, 2005 Surrogate Riordan directed the Public Administrator of Nassau County to report within 90 days if the 1984 probate should be deemed abandoned under SCPA 1212, 1216. The record does not reflect what happened after this order. On 1/3/2022, well after this proceeding was commenced, Philip filed his own petition to  Probate the May 6, 1982 handwritten "will" of Lilly. Philip has not actively prosecuted that probate proceeding over the last year and a half, despite attempting to intervene in this proceeding. On December 6, 2023 a new supplemental Citation has been issued in that probate proceeding for service on Rosalie Harris *(*

*"See **Exhibit M** Part 1 New Jersey  Prop **Dec 28 2023** Strenger LETTER to Judge Driscoll*

*___CORRESPOND_323 December 14, 2023 Letter Strenger, Esq ("RECIEVER") to Hon*

*Judge Driscoll Nassau County.")*

37.      **TITLE POLICY AND CHAIN OF TITLE ISSUES**- see **December 14, 2023** Letter

Strenger, Esq ("RECEIVER") to Hon Judge Driscoll Nassau County-

> "In preparation for the closing of the sale the Title Company, Old Republic Title Insurance Company for the Purchaser, raised as an objection to title with respect to both properties based upon the existence of **1966 deeds**, recorded on **July 26, 1967,** in which the mother of the Shareholders in Grand Mid Atlantic Realty Corp, Lilly Harris, executed a deed from an entity known as Risly Realty Corp., to herself with respect to each Commercial Property. Although these deeds are dated and recorded after respective deeds for each Commercial Property executed by Risly to Richard Harris, the deceased husband of Plaintiff Helen Harris, Lilly Harris' 1982 death bed will asserts that transfers of properties she asserts in the will belong to her ( including each of the Commercial Properties) were transferred without her consent by certain of her children to themselves and corporations they own and that her desire is that all properties be shared equally between all four of her children.
>
> In light of the forgoing background, Old Republic Title Insurance Company declined to provide insurance to the Purchaser of the Commercial Properties unless Helen and Rosalie agreed to indemnify and hold it harmless from claims of the

Estate of Lilly. I understand that First American Title Insurance Company has likewise declined to provide coverage. The Purchaser is not prepared to close without insurable title, or an escrow being held until there is a resolution of Philip's latest attempt to seek to probate of the 1982 will of Lilly and then if successful, seeks to challenge ownership of the Commercial Properties in the Surrogate's Court.

I have negotiated with the Purchaser that he will accept title with an exception in his fee title policy in claims arising from the Estate Lilly if an escrow in the sum of $6 Mil dollars is deposited with Title Company to be released upon a final non-appealable order that neither the Estate of Lilly Harris, nor any of her heirs at law have a fee interest in the Commercial Properties. The Title Company would be able to use the escrowed funds to pay for a defense of the $5.8 Mil Mortgage policy should a claim be made and use those funds to settle such claim. In that the sale is for $11.5 Million dollars, the Corporation will receive after adjustments, transfer taxes and ordinary escrows approximately $10.9 Million dollars clear from the sale. Neither Shareholder desires to provide an indemnification which would obviate the need for escrow, nor negotiate with Philip to settle with him. The $6 Million escrow is not lost to the Corporation unless a claim is presented to the Title Company and that claim must be defended and eventually a payment need to be made to settle the claim. Rosalie and Helen during the pendency of the Surrogate's Proceedings, or a Bar Claim Action which they can bring, have full control to challenge and defend against Philip." *( "See Exhibit M  see December 14, 2023 CHAIN OF TITLE ESTATE OF LILLIAN HARRIS Letter Strenger, Esq ("RECEIVER") to Hon Judge Driscoll Nassau County.")*

38. **Advantage Title- CHAIN OF TITLE** was not an in depth search *(" See Exhibit I document dated June 23, 2020 Chain of Title submitted to Joseph Macy, Esq of Berkman, Henoch, Peterson, Peddy & Fenchel, P.C. from Advantage Title re 94-11 37th Avenue, Queens, New York Block 01468, Lot 00036")*

**1. DEED**

Risly Realty Corporation Dated: February 7, 1966

Recorded: July 5, 1967 to

Liber: 452

Richard Harris Page: 264

NOTE: No deed found of record from Richard Harris back to Risly Realty Corporation.

**2.DEED**

Risly Realty Corporation Dated: September 2, 1966

Recorded: July 26, 1967 to

Liber: 474

Lilly Harris Page: 459

NOTE: No subsequent deed found of record out of Lilly Harris

**3. DEED**

Richard Harris Dated: April 6, 1968

Recorded: May 9, 1968 to

Liber: 723

Castleton Development Corporation Page: 277

**4. DEED**

Castleton Development Corp. Dated: January 17, 1969

Recorded: March 10, 1975 to

Liber: 821

Vaylepent Realty Co. Page: 475

**5.DEED**

Vaylepent Realty Co. Dated: May 16, 1980

Recorded: November 27, 1981 to

Liber: 1385

Rosalie Harris Page: 1049

**6. LAST DEED OF RECORD**

Rosalie Harris Dated: August 28, 1982

Recorded: March 10, 1983 to

Liber: 1510

Great Mid Atlantic Realty Corp. Page: 107

39.    If this Advantage Title had boots on the ground with agents actually going into the record room and the archives at the New York City Department of Finance in Queens County they would have discovered deeds and records for the subject Queens properties as early as the 1950's when

Herman Harris transferred deeds to Lillian Harris, his wife (parents of Philip, Eugene, Richard, Rosalie). Also the transfers done by Richard Harris and between Richard Harris were essentially "shell and or "dummy" corporations. In other words there are no department of corporations and incorporations or tax records for said companies Risly Realty Corporation, Castleton Development Corporation, Vaylepent Realty Co. Also the family attorney at the time Harry Auerbach who seems to have had a close relationship with Richard Harris and Rosalie Harris was disbarred from the practice of law in Brooklyn, New York ( *"See __Exhibit O__ Harry Auerbach disbarred family Attorney.")*

40.     **Upon information and belief the properties that belong to the ESTATE OF LILLIAN HARRIS include and are not limited to:**

    a. 37-92 91st Street, Jackson Heights, NY Block 01479, Lot 00064

    b. 94-11 37th Avenue, Jackson Heights, New York Block 01468, Lot 00036

    c. 35-02 30th Avenue, Astoria, New York Block 00650, Lot 00042

    d. 779 Newark Avenue, Jersey City, New Jersey

    e. 129 Rivington Street, New York, New York 10002

    f. 1925 Surf Avenue, Brooklyn, New York

    g. 2916 Railroad Avenue, Brooklyn, New York

    h. TBD (To be determined) 3018 2nd Street, Brooklyn, New York Block 08671, Lot 00746 Great Mid Atlantic Realty Corp may be deal outside of Estate of Lillian Harris but may have benefited from collateralization of property in order to purchase from the Estate.

    *("See __Exhibit B__- page 4,Part 1- Deed 6712, Page 534, September 1, 1954 between Herman Harris and Lilly Harris 37-27 91st Street, Jackson Heights, Long Island City, New York "premises conveyed 37-27 91st Street", Part 2 - Deed 6712, Page*

*537, 538, 539, September 1, 1954 between Herman Harris and Lilly Harris 37-27*

*91st Street, Jackson Heights, Long Island City, New York "premises conveyed 30-*

*05 35th Street" Part 3- Deed 7822, Page 272 September 14, 1965 between Lilly*

*Harris and Risly Realty Corporation (Risly was not a real company "premises*

*conveyed 30-05 35th Street") Exhibit B Part 4 Part 4 Earliest Deed to Lilly Harris*

*1950 Deed 5885 Page 135, 136, 137, 138 941 Realty and Lilly Harris N.W. C 37th*

*Avenue and 95th Street).*

41.    Dating back to as early as **September 1, 1954** when Herman Harris and Lillian Harris, his wife both residing at 37-27 91st Street, Jackson Heights (Long Island actually Queens, New York) transferred the subject property 37-27 91st Street, Jackson Heights to Lillian "Lilly" Harris residing at the same address for a consideration of ten ("$10") dollars.

42.    Upon information and belief and also recorded around **January 16, 1950** there was a Deed between 941 Realty Corp with a place of business at 245 Exeter Street, Brooklyn, New York and Lilly Harris with an address at 3005 35th Street, Astoria, (Long Island/Queens) New York transferred the subject property N.W.C 37h Avenue and 95th Street subject to existing tenancies and leases with a first mortgage at the time held by Emigrant Industrial Savings Bank in the amount of $55,513.64 and a second mortgage held by Samuel Kann in the amount of $22,250.12, Lillian "Lilly" Harris residing at the same address for a consideration of ten ("$10") dollars.

43.    This case has to do with a series of forgery and fraudulent deed transfers perpetrated by the deceased brother of Philip Harris, RICHARD HARRIS who transferred various parcels that belonged to his father and mother that were ultimately transferred to Mr. Philip Harris's mother by his father into a holding company known as GREAT MID ATLANTIC REALTY CORPORATION.

44.    Recently in the **year 2024,** Mr. Philip Harris was able to locate "*** **IMPORTANT REFERENCE TO HOT DOCUMENT********,"** and obtain from Nassau County indictment papers for his brother Richard Harris **Indictment no. 52104 4/7/1981**, The People of the State of New York vs. Richard Harris charges of grand larceny in the 2nd degree, criminal possession of a "forged instrument" in the 2nd degree, scheme to defraud (false leases on a property).

45.    Apparently Richard Harris defrauded more than a dozen people with fraudulent lease agreements. Mr. Richard Harris plead guilty on **February 19, 1982** to criminal possession of a forged instrument and was sentenced on March 12, 1982.

46.    Upon information and belief and according to Hudson County Clerk records in Jersey City on **February 7, 1966** RICHARD HARRIS by way of a written document Indentured to himself ***Indenture refers to a legal and binding agreement, contract, or document between two or more parties*** " Between Risly Realty Corporation, 40 Journal Square, Jersey City, New Jersey and Richard Harris 3889 Sedgwick Avenue, Bronx, G3 New York "Parcel 37-27- 91st Street, Elmhurst New York all the right title and interest, block 1479, lot 64" " Being the same premises conveyed to Lilly Harris by deed of Herman L. Harris and Lilly Harris, his wife, dated September 1, 1954 recorded in the office of the City Register of Queens County on October 25, 1954 in book 6712 of deeds page 534. Alleged witness was a party named Max Abrams President of Risly Realty Corporation out of Canada Montreal Province of Quebec also allegedly notarized in Canada. Upon information and belief, if RISLY REALTY CORPORATION was a legitimate Canadian company it **was never** a Corporation that was properly domiciled in the United States and in the State of New Jersey.  As such, RISLY REALTY CORPORATION was never in a position to hold real property, and interest and transfer the property in the State of New Jersey (please see Exhibit __ Rec 452 page 254).

47.     Upon information and belief and according to Hudson County Clerk records in Jersey City, on **February 4, 1966**, LILLIAN EQUITIES INCORPORATED with a business address at 44 Court Street, Brooklyn, New York by way of a written document Indentured to from itself to RISLY REALTY CORPORATION with a business address at 40 Journal Square, Jersey City, New Jersey 1925 Surf Avenue, Brooklyn, New York, County of Kings. GENE HARRIS Mr. PHILIP HARRIS'S brother is listed as President of LILLIAN EQUITIES INCORPORATED. Indenture refers to a legal and binding agreement, contract, or document between two or more parties.

48.     Upon information and belief and according to Hudson County Clerk records in Jersey City, on **September 2, 1966,** RISLY REALTY CORPORATION with Lillian Harris listed as President with an office at 40 Journal Square, Jersey City, New Jersey by way of a written document Indentured to LILLIAN HARRIS with an address at 779 Newark Avenue, Jersey City Indenture refers to a legal and binding agreement, contract, or document between two or more parties " Between Risly Realty Corporation and Lillian Harris conveyed 30-05 35th Street together with all rights, title and interest and benefits of said parties between Robert Finlay Realty Co and Norwood Improvement Co and recorded in the Queens County Clerk Office in Liber 2323 of conveyances 229, December 15, 1920 rec 474 page 454 being the same premises conveyed to Risly Realty Corporation, a New Jersey Corporation, by deed of Lillian Harris dated on September 14, 1965 and recorded in the City register of New York County on September 14, 1965 in deed 7822, book 272.

49.     Upon information and belief and according to Hudson County Clerk records in Jersey City on **September 2, 1966**, RISLY REALTY CORPORATION ( Jacob L. Winograd) with Lillian Harris listed as President with an office at 40 Journal Square, Jersey City, New Jersey by way of a written document Indentured to **LILLY** HARRIS with an address at 779 Newark Avenue, Jersey

City Indenture refers to a legal and binding agreement, contract, or document between two or more parties " Property and Parcel N.W. C 37th Avenue and 35th Street, subject to existing tenants and leases " Being the same premises conveyed to Risly Realty Corporation, a Corp of New Jersey by deed of **LILLY HARRIS** dated September 4, 1965 recorded in the Office of City Register of Queens County on September 14, 1965 in book 7822 of deeds page 264, reel 474, page 459.

50.      Upon information and belief **Robert Fuchs, Attorney at Law (26 Journal Square)** witnessed the signing of the document. See Rec 474, page 461 State of New Jersey Hudson County on **September 2, 1966** appeared Zonia Fereaud (alleged secretary of Risly Realty Corporation as a witness to LILLIAN HARRIS. Upon information and belief Instrument no 25229 referred to as the "DEED" RISLY REALTY CORPORATION, a New Jersey Corporation to LILLY HARRIS Tax Block 1468, lot 36 (note subject to mortgage tax). The document was also docketed in the State of New York, County of Queens on July 24, 1967.

51.      **HOT DOCUMENT RICHARD HARRIS ACTING WITHOUT THE AUTHORITY TO ENTER INTO A LEASE AGREEMENT**.

Upon information and belief on **February 28, 1968**, RICHARD HARRIS acting as Landlord (Son of LILLIAN HARRIS also known as LILLY HARRIS) residing at 3889 Sedgwick Avenue, Bronx, New York also at 37-27 91st Street, Jackson Heights and THOMAS KERIN residing at 34-46 92nd Street, Jackson Heights entered into a five-year (5) year lease agreement for the store and basement located at "94-83 37th Avenue, Jackson Heights, New York for a Bar and Grill for $3000 year and $250 dollars a month.

52.      *** IMPORTANT REFERENCE TO HOT DOCUMENT:******** Upon information and belief it was not until recently that Mr. Philip Harris obtained from Nassau County indictment papers for his brother Richard Harris Indictment no. 52104 4/7/1981, The People of the State of New York vs. Richard Harris charges grand larceny in the 2nd degree, criminal possession of a

"forged instrument" in the 2nd degree, scheme to defraud (false leases on a property). Apparently Richard Harris defrauded more than a dozen people with fraudulent lease agreements. Mr. Richard Harris was sentenced March 12, 1982. Richard Harris plead guilty on February 19, 1982 to criminal possession of a forged instrument.

53.     Upon information and belief, and according to Hudson County Clerk records in Jersey City on **February 7, 1966**  RISLY REALTY CORPORATION with a business address at 40 Journal Square, Jersey City, New Jersey by way of a written document Indentured to himself  RICHARD HARRIS with an address at 3889 Sedgwick Avenue, Bronx, G3 New York  "Parcel N.W.C. 37th Avene and 95th Street, rec 452, page 265" Named party that signed was Max Abrams President of Risly Realty Corporation out of Canada Montrel Province of Quebec notarized by Me Real Hetu Notary.

54.     Upon information and belief and according to Hudson County Clerk records in Jersey City on **April 6, 1968** RICHARD HARRIS residing at 37-27 91st Street, Jackson Heights, New York by way of a written document Indentured to **CASTLETON DEVELOPMENT CORPORATION** a domestic business corporation with an address at 30 East 42nd Street, New York, New York; " Property and Parcel 30-05 35th Street, County of Queens, block 650, lot 42, Rec 723, Page 279" **disbarred** family attorney **HARRY AUERBACH, ESQ** drafted this document and filed with the Office of City Register Queens County. HARRY AUERBACH, ESQ is listed as the **President** of CASTLETON DEVELOPMENT CORPORATION see reel 370 page 436.

55.     Upon information and belief and according to Hudson County Clerk records in Jersey City on **April 17, 1969** CASTLETON DEVELOPMENT CORPORATION a domestic corporation with an address at 16 Court Street, Brooklyn, New York, by way of a written document Indentured

to VALYEPENT REALTY CO., a New Jersey Corporation with a principal place of business c/o Israel Mischell, Esq with at 576 Newark Avenue, New Jersey " Property and Parcel conveyed 30-05 35th Street, County of Queens, block 650, lot 42, reel 370, page 436. The person that signed the document on **April 11, 1969** on behalf of CASTLETON DEVELOPMENT CORPORATION was HARRY AUERBACH, ESQ with an address at 402 Ocean Parkway, Brooklyn, New York.

56.     Upon information and belief and according to Hudson County Clerk records in Jersey City on **January 17, 1969** CASTLETON DEVELOPMENT CORP stated with an address at 30 East 42nd Street, New York by way of a written document Indentured to VALYEPENT REALTY CO., a New Jersey Corporation with a principal place of business at 576 Newark Avenue, New Jersey " Property and Parcel conveyed 37-27 91st Street, Elmhurst, New York (Long Island), block1479, lot 64, reel 821, page 473 The document also states return to Gene Harris of  VALYEPENT REALTY CO. (INC) with an address at 37-27 91st Street, Jackson Heights, New York 11322. The person that signed the document on behalf of CASTLETON DEVELOPMENT CORPORATION was HARRY AUERBACH, ESQ with an address at 402 Ocean Parkway, Brooklyn, New York.

57.     Upon information and belief and according to Hudson County Clerk records in Jersey City on **January 17, 1969** CASTLETON DEVELOPMENT CORP stated with an address at 30 East 42nd Street, New York by way of a written document Indentured to VALYEPENT REALTY CO., a New Jersey Corporation with a principal place of business at 576 Newark Avenue, New Jersey " Property and Parcel conveyed NWC 37th Avenue and 95th Street address known as 94-11 37th Avenue, New York (Long Island), block 1468, lot 36, reel 821, page 475.  The document also states return to Gene Harris of  VALYEPENT REALTY CO. (INC) with an address at 37-27 91st Street, Jackson Heights, New York 11322. The person that signed the document on behalf of

CASTLETON DEVELOPMENT CORPORATION was HARRY AUERBACH, ESQ with an address at 402 Ocean Parkway, Brooklyn, New York.

58.     Upon information and belief and according to Hudson County Clerk records in Jersey City on **May 16, 1980**, VALYEPENT REALTY CO., a New Jersey Corporation with a principal place of business at 576 Newark Avenue, New Jersey by way of a written document Indentured to ROSALIE HARRIS with an address at 12 Devonshire Lane, Great Neck, New York " Property and Parcel conveyed NWC 37th Avenue and 95th Street address known as 94-11 37th Avenue, New York, block 1468, lot 36, reel 1385, page 1049.  Also noted reel **1385, page 1050**, in the County of Nassau on the 16th of May 1980 ROSALIE HARRIS with an address at 12 Devonshire Lane, Great Neck, New York swore in front of  notary Bernadette Ambrosino that she was the President of VALYEPENT REALTY CO. The document was then returned to ROSALIE HARRIS with an address at PO Box 106 Great Neck, New York 11022.

59.     Upon information and belief and according to Hudson County Clerk records in Jersey City on **May 16, 1980**, VALYEPENT REALTY CO., a New Jersey Corporation with a principal place of business c/o Israel Mischell, Esq with at 576 Newark Avenue, New Jersey by way of a written document Indentured to  ROSALIE HARRIS with an address at 12 Devonshire Lane, Great Neck, New York " Property and Parcel conveyed 30-05 35th Street, County of Queens, block 650, lot 42, reel 1384, page 443."

60.     Upon information and belief and according to Hudson County Clerk records in Jersey City on **August 28, 1982**  ROSALIE HARRIS with an address at 12 Devonshire Lane, Great Neck, New York 11023 by way of a written document Indentured to  GREAT MID ATLANTIC REALTY CORP. with an address at 12 Devonshire Lane, Great Neck, New York 11023 "Property and Parcel N.W.C. 37th Avenue and 95th Street address known as 94-11 37th Avenue, reel 1510, page 107 JOEL

SCHONFELD, ESQ of 16 Gold Street, Brooklyn, New York who is believed to be HARRY AUERBACH, ESQ's law partner notarized the documents.

61.    Upon information and belief and according to Hudson County Clerk records in Jersey City on **August 28, 1982** ROSALIE HARRIS with an address at 12 Devonshire Lane, Great Neck, New York 11023 by way of a written document Indentured to  GREAT MID ATLANTIC REALTY CORP. with an address at 12 Devonshire Lane, Great Neck, New York 11023 "Property and Parcel 3018 Brighton 2nd Street, block 8671, lot 46, reel 1379, page 1207JOEL SCHONFELD, ESQ of 16 Gold Street, Brooklyn, New York who is believed to be HARRY AUERBACH, ESQ's law partner notarized the documents.

62.    Upon information and belief all of these property transactions and transfers were done through **Bargain and Sale Deed with Covenant Against Grantor** document.

63.    Upon information and belief RICHARD HARRIS used those "dummy corporations" to fraudulently transfer deeds and parcels from his mother to himself created more dummy corporations to hide from tax and other obligations and to continue to separate his mother from ownership of those properties.

64.    Upon information and belief  RICHARD HARRIS forged "and used to fraudulently" convey the property to himself so that he can then in turn transfer to other bogus corporations that never existed in order to control parcels and real property.  RICHARD HARRIS was assisted by then disbarred family attorney **HARRY AUERBACH, ESQ** 16 Court Street, Brooklyn, New York 11201 in these fraudulent transfers. These properties that were ill gained by fraud of a criminally indicted family member (forgery of documents and fraud) **RICHARD HARRIS**, the brother of PHILIP HARRIS and Son of LILLIAN HARRIS, LILLY HARRIS A/K/A LILLIAN HYMAN were then transferred to GREAT MID ATLANTIC REALTY CORP. a company controlled by

**RICHARD HARRIS**, his sister and the sister of PHILIP HARRIS, ROSALIE HARRIS and his wife HELEN HARRIS.

65.    PHILIP HARRIS son and beneficiary of LILLIAN HARRIS, LILLY HARRIS A/K/A LILLIAN HYMAN most recently obtained from the Criminal Court of Nassau County indictment papers for his brother Richard Harris **Indictment no. 52104 4/7/1981,** The People of the State of New York vs. Richard Harris charges grand larceny in the 2nd degree, criminal possession of a "forged instrument" in the 2nd degree, scheme to defraud (false leases on a property), sentenced March 12, 1982. Richard Harris plead guilty on **February 19, 1982** to criminal possession of a forged instrument. Upon information and belief, RICHARD HARRIS's sister ROSALIE HARRIS also at the sister of PHILIP HARRIS at the time living at 12 Devonshire Lane, Great Neck, New York 11023 and according to the document "Order for Return of Cash Bail" posted bail for Richard Harris in the amount of $1000.  (See Indictment papers, page 17).

66.    Upon information and belief both **ROSALIE HARRIS** and **HELEN HARRIS** knew and or should have known about the fraud and more specifically the indictment of RICHARD HARRIS. HELEN HARRIS ***is the WIFE*** of RICHARD HARRIS. Upon information and belief GREAT MID ATLANTIC REALTY CORP was formed in the State of New York, Nassau County on **August 8, 1982** by R. HARRIS? R. HARRIS could be RICHARD HARRIS and or ROSALIE HARRIS.

67.    According to Court documents Richard Harris was the founder of GREAT MID ATLANTIC REALTY CORP. In the Matter of the Application of Helen Harris, et al. v. Great Mid Atlantic Realty Corp., a Domestic Corporation and Rosalie Harris Supreme Court, Nassau County; Index No.: 602952/2019

68.    Upon information and belief GREAT MID ATLANTIC REALTY CORP was **never registered** in the State of New Jersey as a "foreign domestic corporations" having the ability to hold property in the State of New Jersey specifically 779 Newark Avenue, Jersey City NJ 07306.

69.    PHILIP HARRIS has also recently obtained information pertaining to Tax Lien Statements for his mother Lilly Harris a/k/a Lillian Hyman soc ending in 2078, Notice of Federal Tax Lien Under Internal Revenue Laws Serial Number JH-2 JH # **73 dated September 22, 1972** recorded in the Hudson County, Hall of Records Jersey City 1040 tax periods ending 12-31-60, 12-31-61, 12-31-62 date of Assessment 11/14/1969 total amount $32,949.20 residence **779 Newark Avenue, Jersey City NJ 07306** or 37-27 91st Street, Jackson Heights, NY 11372 (IRS may have had an incorrect address.) 37-92 91st Street, Jackson Heights, NY Block 01479, Lot 00064.

70.    Also the **Notice to Lilly Harris** Notice of Federal Tax Lien Under Internal Revenue Laws Serial Number C:C 17 JAS dated April 21, 1970 recorded in the Hudson County, Hall of Records Jersey City 1040 tax periods ending 6012, 6112, 6212 Date of Assessment 11/14/1969 total amount $32,949.20 residence 779 Newark Avenue, Jersey City NJ 07306 clearly ties LILLIAN HARRIS, LILLY HARRIS, LILLIAN HYMAN deceased to these properties and specifically to the property 779 Newark Avenue, Jersey City, New Jersey 07306 which is in the State of New Jersey.

**<u>DUMMY CORPORATIONS </u>AND CORPORATIONS THAT WERE AND SEEM TO HAVE NEVER BEEN FORMED. HARRY AUERBACH ATTORNEY AT LAW ROLE IN THE FRAUD DISBARRED ATTORNEY.**

71.    Upon information and belief, on or about September 8, 1969 , Harry Auerbach, Esq was disbarred and or his resignation was accepted by the Petitioner Harold A Cannold striking his name from the roll of attorneys of the State of New York. The charges set forth in the petition commencing the proceeding arose out of nine separate complaints filed with the Brooklyn Bar Association. A tenth supplemental charge was also added. ( See Appellate Division of the Supreme

Court of New York, Second Department Matter of Auerbach, 32 A.D.2d 483 (N.Y. App. Div. 1969), 304 N.Y.S.2d 162 Decided Sep 8, 1969).  The person that signed the document on behalf of CASTLETON DEVELOPMENT CORPORATION as President was HARRY AUERBACH, ESQ with an address at 402 Ocean Parkway, Brooklyn, New York.

72.    Upon information and belief, DUMMY CORPORATIONS were formed by Harry Auerbach, Attorney at Law and Richard Harris the brother of Philip Harris and the Son of Lillian Harris in order to transfer real property strictly as holding entities to transfer real property. Upon information and belief, this scheme of fraudulently transferring real property "fraudulent conveyance", also known as a fraudulent transfer, is the illegal transfer of real property to another party is the way that Richard Harris ultimately gained control of the family real property assets with the final transfer to **GREAT MID ATLANTIC REALTY CORP.**  A conveyance is the transfer and assignment of any property right or interest from one individual or entity (the conveyor) to another (the conveyee). This is usually accomplished through a written instrument - most often a deed - that transfers title to, or creates a lien on property.

73.    Upon information and belief, the core reason why **GREAT MID ATLANTIC REALTY CORP.** was the final entity transfer up until the recent sale by Receiver Sanford Strenger was because Richard Harris was indicted on charges of forgery and real estate related forgery by way of transfer of deeds, leases and other documents. In other words, the indictment helped put a stop to his prior behavior of fraud and document forgery.

74.    According to Philip Harris, his mother Lillian Harris brought a case against his brother RICHARD HARRIS in **1966 and or 1967** Harry Auerbach, Esq was the attorney who was the family attorney at the time that brought the case to Court.

75**.**    **1966 RISLY REALTY CORPORATION** allegedly had a business address at 40 Journal Square, Jersey City, New Jersey. According to ACRIS entries and the records of the New York City Department of Finance reel page 452, page 254 on **7/5/1967** and on reel 474 page 463 on 7/26/1967 a company by the name of Risly Realty Corporation allegedly transferred the Deeds from various properties to Risly Realty Corporation to Richard Harris and Risly Realty Corporation to Lilly Harris. There is no direct explanation as to why Richard Harris was able to transfer Deeds to Castleton Development Corp.

> a. **1966 LILLIAN EQUITIES INCORPORATED** with a business address at 44 Court Street, Brooklyn, New York;

> c.    **1968 CASTELTON DEVELOPMENT** allegedly had a business address at 30 East 42nd Street, New York, New York;

> d.    **1975 VAYLEPENT REALTY CO**, allegedly had an address at 576 Newark Avenue, Jersey City New Jersey;

> e.    **1983** GREAT MID ATLANTIC REALTY CORP (RICHARD HARRIS was convicted of fraud in 1982 and the fraudulent transfer stopped then); and

> f.    **2019-2023** RECEIVERSHIP SANFORD STRENGER.

76.    In New Jersey, the statute of limitations for fraud and other real estate issues is six (6) years from the time the act or omission that led to the claim occurred. This includes fraud, breach of contract, and mortgage disputes. However, if the claimant is out of time, they may still be able to pursue a claim under the Discovery Rule. This rule calculates the statute of limitations from the time the claimant discovers the harm.

77.    On or about **March 1, 2019** HELEN HARRIS the wife of RICHARD HARRIS filed a Petition by way of counsel and long term attorney Joseph E. Macy, Esq of Berkman, Henoch, Peterson & Peddy, P.C to dissolve the corporation GREAT MID ATLANTIC REALTY CORP. as specified in Business Corporate Law section 1104.  HELEN HARRIS is believed to be a holder

of one half of outstanding shares of the company (the company was set up as a real estate holding entity only).

78.    In a Letter dated *March 19, 2024 t*o Honorable Judge Timothy S. Driscoll, Supreme Court of the State of New York, County of Nassau, 100 Supreme Court Drive, Mineola, New York 11501. In the Matter of the Application of Helen Harris, et al. v. Great Mid Atlantic Realty Corp., a Domestic Corporation and Rosalie Harris Supreme Court, Nassau County; Index No.: 602952/2019, from Sanford Strenger of Salamon, Gruber, Blaymore & Strenger, P.C. the Receivership Bank Accounts have the sum of $8,098,831.63 and the sum of $6,000,000 is being held in escrow by Old Republic Title Insurance pending the disposition of a potential claim that may be brought by the Estate of Lilly Harris.

79.    The value of real property that was sold under receivership is **$14,098,831.63**. A notice to potential creditors, if any has been published three times in Newsday. A return date for any potential claims/bar date has been set for *September 23, 2024* and that date is set forth in published notice. According to that letter and upon information and belief the "Receiver Sanford, Esq." is holding a reserve of **$3,000,000** and **$5,000,000** has been distributed equally between Helen Harris and Rosalie Harris. March 28, 2024 Hon. Judge Driscoll entered order allowing distribution to Helen Harris and Rosalie Harris $5,000,000 each. (" See Exhibit A" Strenger Funds Report" "Exhibit B" Judge's Order for distribution $5,000,000).

80.    At this point PHILIP HARRIS is seeking an equivalent and fair share to the ESTATE OF LILLIAN HARRIS which also includes the interests of his brother EUGENE "GENE" HARRIS and to  bring to light multiple issues involving real property, real property deed fraud and fraudulent corporations filed in order to transfer property, criminality on behalf of a family member in order to defraud an estate and for the Estate to rightfully recover funds owed to it.

## <u>FIRST CAUSE OF ACTION</u>

**(Reasonable Cause to Reset the Statute of Limitations based on the discovery of fraud, Fraudulent Concealment and Criminality)**

81.     Plaintiff repeats and realleges each previous allegation of the Complaint as if set forth at length herein.

82.     Under federal law, the "discovery rule" allows for a reasonable cause to reset the statute of limitations when fraud or criminality **is discovered**, meaning the time limit for legal action begins when the victim reasonably should have discovered the wrongdoing, not necessarily when it occurred, particularly if the fraudulent activity was actively concealed by the perpetrator; this is considered an exception to the standard statute of limitations timeframe.

> ### <u>Key points about the discovery rule in relation to fraud:</u>

- **Fraudulent concealment:** If a defendant deliberately hides their fraudulent actions, the statute of limitations may be "tolled" (suspended) until the victim discovers or reasonably should have discovered the fraud.

- **Reasonable diligence:** The burden is on the victim to prove that they could not have discovered the fraud with reasonable diligence.

- **When the clock starts:** The statute of limitations for a fraud claim generally begins to run when the victim discovers the fraud or should have discovered it through reasonable inquiry.

83.     Plaintiff(s), PHILIP HARRIS, only recently discovered in 2024 documents pertaining to his deceased brother's RICHARD HARRIS indictment for fraud and forgery. RICHARD HARRIS (criminal indictment found in 2024) fraudulently transferred deeds of family owned properties specifically at the time that his mother had possession of the deeds. Upon information and belief the alleged Corporations that were affiliated with the property deeds were "dummy corporations"

meaning that the Corporations that allegedly transferred those Deeds never existed. The corporation that held the property in 1966 RISLY REALTY CORPORATION was a "bogus" corporation.

Richard Harris Indictment no. 52104 4/7/1981, The People of the State of New York vs. Richard Harris charges of grand larceny in the 2nd degree, criminal possession of a "forged instrument" in the 2nd degree, scheme to defraud (false leases on a property).  Apparently Richard Harris defrauded more than a dozen people with fraudulent lease agreements. Mr. Richard Harris was sentenced March 12, 1982. Richard Harris plead guilty on February 19, 1982 to criminal possession of a forged instrument.

84.     Helen Harris, was the **wife** of Richard Harris the person and man that committed these acts. There was no way that Helen Harris **was not aware** of her husband's indictments and wrongdoings. If Helen Harris were to be put under oath it would be very difficult for her to deny that she had absolutely no knowledge of her husband's criminal indictment. As such with Helen Harris's petition, Helen Harris is continuing the fraud and defrauding the ESTATE OF LILLIAN HARRIS.

85.     Rosalie Harris, the sister of Richard Harris was also aware of her brother's criminal indictment and behavior and in fact on Richard Harris indictment papers (Indictment no. 52104 4/7/1981), Rosalie Harris is the one that posted bail for her brother Richard Harris. In the Nassau Judge's Court Order dated September 22, 2023, some key points in the Order states Great Mid Atlantic Realty "GMAR" was incorporated on or about August 23, 1982 (approximately 40 years ago) and has "operated" continuously since that date. GMAR was originally formed at the direction of Helen's late husband Richard, to hold title to seven parcels or real property. Rosalie is Richard's sister. Helen and Rosalie have been shareholders and directors of GMAR since its formation. In

February 2019, Helen commenced this action to dissolve GMAR following a breakdown in her relationship with Rosalie. On September 13, 2022, the Court granted Helen's motion for summary judgement and directed GMAR be dissolved. By Order dated January 30, 2023, the Court appointed Sanford Strenger, Esq. as receiver of GMAR.   Philip Harris was denied the right to intervene in the matter involving ***Matter: Index no 602952/2019 Supreme Court of the State of New York County of Nassau, In the Matter of the Application of HELEN HARRIS Holder of One Half of All of the Outstanding Shares Entitled to Vote in an Election of the Directors of the GREAT MID ATLANTIC REALTY CORP., For the Dissolution of the GREAT MID ATLANTIC REALTY CORP. a Domestic Corporation, and ROSALIE HARRIS, Respondents*** as he was not a shareholder in the company.

86.     In federal criminal law, statutes of limitations vary depending on the nature and severity of the offense. The general federal criminal statute of limitations is found in 18 U.S.C. § 3282, which provides a five-year limitation period for most federal offenses. However, there are numerous exceptions and specific provisions for certain crimes.

87.     Herein the person that started the Corporation Great Mid Atlantic Realty "GMAR" Richard Harris the brother of Philip Harris and Eugene Harris is/was an indicted criminal.

88.     Upon information and belief, Richard Harris had a career of criminal forgery of documents. Philip Harris, Eugene Harris and the ESTATE OF LILLIAN HARRIS was severely prejudiced by the proceedings Matter: **Index No. 602952/2019** Supreme Court of the State of New York County of Nassau, In the Matter of the Application of HELEN HARRIS, in essence the wife and sister of Richard Harris were able to financially benefit from fraudulently transferred deeds and parcels. The Receiver Sanford Strenger, Esq nor the Honorable Judge Driscoll in that matter was able to adequately address any of the fraud or wrongdoings by Richard Harris, Helen Harris or Rosalie

Harris in that matter. Philip Harris (and Eugene Harris deceased) are now forced to bring this action to the federal court and jurisdiction as this involves deeds for the same parcels, docketing and transfers in the State of New Jersey and New York. These issues were never adequately addressed until now.

**WHEREFORE**, Plaintiffs demand judgment against all Defendants awarding Plaintiffs compensatory and punitive damages, interest, costs of suit, attorneys fees, and such other relief as the Court deems just and equitable.

## <u>SECOND CAUSE OF ACTION</u>

**(Demand for a legitimate claims vs Title on all properties Philip Harris, Eugene Harris and the Estate of Lillian Harris fraudulent conveyance of heirs property and real property to Great Mid Atlantic Realty GMAR)**

89.    Plaintiff repeats and realleges each previous allegation of the Complaint as if set forth at length herein.

90.    Currently there are two (2) quiet title actions involving Philip Harris, Helen Harris and Rosalie Harris in the State of New York 710765/2024 - Queens County Supreme Court Short Caption: 112-45 SPRING LLC v. PHILIP HARRIS et al Case Type: Real Property - Other (Quiet Title), 710773/2024 - Queens County Supreme Court Short Caption: 105-16 FLAT LLC v. PHILIP HARRIS et al Case Type: Real Property - Other (Quiet Title). Counsel for Helen Harris is representing the new buyers in the matter which we believe is a serious conflict of interest considering the facts of "fraud and criminal indictment of petitioner Helen Harris's husband Richard Harris.

91.     On testimony and in depositions and in Philip Harris's Answer  please see paragraphs 33, and 34 part of ROSALIE HARRIS deposition whereby she admits under oath that the properties belonged to her mother LILLIAN HARRIS;

**FRAUD ALERT see notes from the DEPOSITION of ROSALIE HARRIS dated May 20, 2022 " Page 110** 2 Q: from Macy, Esq. Are you familiar with the entity known as Vaylepent Realty? A: Rosalie Harris, Yes that was my mother's corporation? Q. Macy, Esq. What is your mother's name? A: Rosalie Harris, Lilly Harris. P 190- : Q: Macy, Esq. Now I'm going to go just a little further to the third page of this exhibit, and it appears to be a deed dated May 16, 1980, between Vaylelent, that's VAYLEPENT, Realty Co., to Rosalie Harris, and that appears to pertain to that same property, do you recognize that? Paragraph 23 Oh, this is the one before it, so that's May 16 of 1980, from Vaylepent to Rosalie. Yes, I do recognize it. P 191 Paragraph 2 Q: Macy, Esq. Okay are you familiar with the Vaylepent Realty Company? A: Rosalie Harris Vaylepent was my mother's corporation. Q: Okay Did Richard Harris have any interest in that entity?  A: Rosalie Harris I don't know Q: So you don't know who the shareholders were in the company? A: No.

**FRAUD ALERT see notes from the DEPOSITION of ROSALIE HARRIS dated May 20, 2022, p 253 Q: Macy, Esq Do you know what schedule K-1 is?** A: Rosalie Harris I've seen it; I don't understand it completely, but I understand it. Q: Macy, Esq. Okay. Let's look at line E where it says, Shareholder's name, address, city, state and zip code. And that is your name and address correct? A: Rosalie Harris Yes, that's my name and address. Q: Macy, Esq. And below that, in box F it says. Shareholder's percentage of stock ownership for tax year. Do you see that? A: Rosalie Harris, Yes, because I was put up as a front for the corporation because my brother had been in jail. And he didn't want to be exposed to anything, he said, If there are any lawsuits your name is going to be put down as a hundred percent owner. And I didn't  agree with it, but I had no choice because my brother was in charge of the corporation. What he said went. And being, having been in jail, he didn't want any—he didn't want his name on this at all. So he put down my name as owning a hundred percent of the corporation. P 255-Paragraph 9 – Ever since the corporation was in my name and Great Mid Atlantic, he put down this lie, along with his wife, that I own a hundred percent of the property. This way I assume all responsibility for the property and maybe no one will ever know that he had been in jail. And I had a clean record, I've been honest my whole life, I was a school teacher with an A! reputation in honesty.

92.     A broken chain of title can occur when a property's title transfer is inaccurate or fraudulent. This can happen for a number of reasons, including:  Human error, such as misspellings or missing signatures, **Forged or fraudulent documents,** Errors or omissions in public records, Unresolved liens or encumbrances. GMAR was a real estate holding entity not a real company that was formed by a criminal who was indicted for fraud. Richard Harris, Helen Harris and Rosalie Harris and Plaintiff Philip Harris insists that GMAR and its shareholders have committed a massive financial fraud on the Estate of Lillian Harris above and beyond what the receiver has sold the properties for. It would be extremely unjust for both Richard and Helen Harris and their heirs and Rosalie Harris and her heirs to financially benefit from this fraud for the long term.

93.     If a title search yields a claim to title, it then becomes the buyer's responsibility to review

any claims and then file their objections to that search report by the specified deadline. Once the

buyer has put this in motion the seller typically has a window of time in which they can respond

to and resolve those concerns, or the buyer can walk away from the transaction. The issue in this

instance is that the properties have been sold by way of "RECEIVERSHIP" and funds of at least

$8,000,000 or so have already been disbursed to HELEN HARRIS and ROSALIE HARRIS.

**WHEREFORE**, Plaintiff demands judgment against all Defendants awarding Plaintiff's

compensatory and punitive damages, interest, costs of suit, attorneys fees, and such other

relief as the Court deems just and equitable.

## **THIRD CAUSE OF ACTION**

**(FRAUD, FRAUDULENT CONVEYANCE which allowed over 40 years of unjust enrichment and financial theft of real property in the State of New Jersey and New York by Great Mid Atlantic Realty GMAR, Great Mid Atlantic Realty GMAR was not a real corporation according to New York's BCL 1104-a (1), (2), (3))**

94.     Plaintiff repeats and realleges each previous allegation of the Complaint as if set forth

at length herein.

95.     Great Mid Atlantic Realty GMAR was not a real corporation according to New York's

BCL 1104-a (1), (2), (3). Over the course of its 33 year or so history GMAR did not perform any

of the normal business practices under BCL 1104. **New York's Business Corporation Law**

**BCL 1104** provides that the holders of shares representing one half of the votes of all outstanding

shares of a corporation entitled to vote in an election of directors may present a petition for

dissolution on one or more of the following grounds:

(1) That the directors are so divided respecting the management of the corporation's
affairs that the votes required for action by the board cannot be obtained.
(2) That the shareholders are so divided that the votes required for the election of
directors cannot be obtained.

41

<u>(3) That there is internal dissension and two or more factions of shareholders are so divided that dissolution would be beneficial to the shareholders.</u>

96.    **New York's Business Corporation Law BCL 1104** provides that the holders of shares representing one half of the votes of all outstanding shares of a corporation entitled to vote in an election of directors may present a petition for dissolution on one or more of the following grounds:

(1) That the directors are so divided respecting the management of the corporation's affairs that the votes required for action by the board cannot be obtained.

(2) That the shareholders are so divided that the votes required for the election of directors cannot be obtained.

(3) That there is internal dissension and two or more factions of shareholders are so divided that dissolution would be beneficial to the shareholders.

97.    There are a few things that the matter *"Matter: Index no 602952/2019 Supreme Court of the State of New York County of Nassau, In the Matter of the Application of HELEN HARRIS Holder of One Half of All of the Outstanding Shares Entitled to Vote in an Election of the Directors of the GREAT MID ATLANTIC REALTY CORP., For the Dissolution of the GREAT MID ATLANTIC REALTY CORP. a Domestic Corporation, and ROSALIE HARRIS, Respondents,"* failed to address.

98.    It is important for the Court to examine the depositions of both HELEN HARRIS and ROSALIE HARRIS *"Matter: Index no 602952/2019 Supreme Court of the State of New York County of Nassau, In the Matter of the Application of HELEN HARRIS et al.* During the entire case, there was no clear explanation as to why if Richard Harris started the company, why was he not a shareholder in the company?

**<u>Excerpts of Transcript of Deposition</u>**
14. Q: to Helen Harris- Do you know how many shares were issued or outstanding for GMAR?  Answer NO,  17. Q: Other than you and Rosalie Harris, does anybody else have any interest in GMAR? A: No,  21 Did your

husband Dr. Richard Harris have any interest in GMAR? A: Yes . Can you explain that , was he a shareholder of GMAR? A He was one of the founders?  So did he hold any shares in GMAR? A: NO . When you say he was one of the founders, was he the one who incorporated GMAR? A: Basically, yes Page 16 line 13 Q: When GMAR was formed, what was the purpose of the corporation? A: To incorporate properties

99.     Upon the full reading of both depositions of HELEN HARRIS and ROSALIE HARRIS in addition to the examination of poorly crafted handwritten records, records that are part of the Supreme Court action, there is clear evidence that this was a poorly run venture. Upon information and belief and according to Philip Harris Helen Harris and Richard Harris started a company called Channel Equities Realty which may have benefited from the proceeds of the parcels and properties of the ESTATE OF LILLIAN HARRIS. Upon further discovery in the matter, this Court will find that not only was there extensive deed and parcel fraud and theft of real property, Richard Harris, Helen Harris and Roslie Harris for over 40 years were able enjoy ill-gotten financial gains from a Corporation that was formed to ultimately carry properties that were transferred by way of dummy corporations and other criminal intent. To recap:

" GMAR" was incorporated on or about August 23, 1982 (approximately 40 years ago) and has "operated" continuously since that date. GMAR was originally formed at the direction of Helen's late husband Richard, to hold title to seven parcels or real property. Rosalie is Richard's sister. Helen and Rosalie have been shareholders and directors of GMAR since its formation. In February 2019, Helen commenced this action to dissolve GMAR following a breakdown in her relationship with Rosalie. On September 13, 2022, the Court granted Helen's motion for summary judgement and directed GMAR be dissolved. By Order dated January 30, 2023, the Court appointed Sanford Strenger, Esq. as receiver of GMAR.

Great Mid Atlantic Realty Corporations "GMAR" was incorporated on or about **August 23, 1982**, the same year that Mr. Richard Harris was sentenced March 12, 1982. Richard Harris plead guilty

on February 19, 1982 to criminal possession of a forged instrument. PHILIP HARRIS, PHILIP HARRIS on Behalf of his Mother LILLIAN HARRIS, LILLY HARRIS A/K/A LILLIAN HYMAN, PHILIP HARRIS on Behalf of his Brother EUGENE HARRIS et al Prays that this Court will examine this case and help rectify the wrongs that have been done.

100.    In federal criminal law, statutes of limitations vary depending on the nature and severity of the offense. The general federal criminal statute of limitations is found in 18 U.S.C. § 3282, which provides a five-year limitation period for most federal offenses. However, there are numerous exceptions and specific provisions for certain crimes.

101.    In the present case, the person that started the Corporation Great Mid Atlantic Realty "GMAR" Richard Harris the brother of Philip Harris and Eugene Harris is/was an indicted criminal. 80. Upon information and belief, Richard Harris had a career of criminal forgery of documents. Philip Harris, Eugene Harris and the ESTATE OF LILLIAN HARRIS were severely prejudiced by the proceedings Matter: Index no 602952/2019 Supreme Court of the State of New York County of Nassau, In the Matter of the Application of HELEN HARRIS, in essence the wife and sister of Richard Harris were able to financially benefit from fraudulently transferred deeds and parcels.

102.    The Receiver Sanford Strenger, Esq nor the Honorable Judge Driscoll in that matter was able to adequately address any of the fraud or wrongdoings by Richard Harris, Helen Harris or Rosalie Harris in that matter. Philip Harris (and Eugene Harris deceased) are now forced to bring this action to the federal court and jurisdiction as this involves deeds for the same parcels, docketing and transfers in the State of New Jersey and New York. These issues were never adequately addressed until now.

103.    Defendants **ROSALIE HARRIS**, **HELEN HARRIS**, **RICHARD HARRIS**, **ESTATE OF RICHARD HARRIS**, **GREAT MID ATLANTIC REALTY CORPORATION**, have "Unjustly Enriched" themselves through those fraudulent acts and financial crimes

## FORTH CAUSE OF ACTION

**(FULL RESTITUTION TO THE ESTATE OF LILLIAN HARRIS and to Individual parties, heirs and beneficiaries, PHILIP HARRIS, EUGENE HARRIS AND HIS WIFE ZIVA EVA HARRIS. 18 U.S. Code § 3663A allows for mandatory restitution to victims of certain crimes a court can order restitution, meaning the defendant must repay the victim for their losses, and this order can be enforced through civil means, including garnishment and liens)**

104.    Plaintiffs repeated and realleges each previous allegation of the Complaint as if set forth at length herein.

105.    " GMAR" was incorporated on or about August 23, 1982. GMAR was originally formed at the direction of Helen's late husband Richard, to hold title to seven parcels or real property. Rosalie is Richard's sister. Helen and Rosalie have been shareholders and directors of GMAR since its formation. In February 2019, Helen Harris commenced this action to dissolve GMAR following a breakdown in her relationship with Rosalie. On **September 13, 2022**, the Court granted Helen's motion for summary judgement and directed GMAR be dissolved. By Order dated January 30, 2023, the Court appointed Sanford Strenger, Esq. as receiver of GMAR.

106.    Great Mid Atlantic Realty Corporations "GMAR" was incorporated on or about August 23, 1982, the same year that Mr. Richard Harris was sentenced March 12, 1982. Great Mid Atlantic Realty Corporations "GMAR" was essentially a corporate entity set up in order to perpetuate a crime. A corporation is criminally liable for the federal crimes its employees or agents commit in its interest. Corporate officers, employees, and agents are individually liable for the crimes they commit, for the crimes they conspire to commit, for the foreseeable crimes their coconspirators

commit, for the crimes whose commission they aid and abet, and for the crimes whose perpetrators they assist after the fact.

107.    18 U.S. Code § 3663A allows for mandatory restitution to victims of certain crimes a court can order restitution, meaning the defendant must repay the victim for their losses, and this order can be enforced through civil means, including garnishment and liens and Plaintiffs, Philip Harris et al are seeking full restitution by Defendants **ROSALIE HARRIS**, **HELEN HARRIS**, **RICHARD HARRIS, ESTATE OF RICHARD HARRIS, GREAT MID ATLANTIC REALTY CORPORATION**.

## V.

## FIFTH CAUSE OF ACTION

(**Full jurisdictional protections and opportunity for the District Court of the State of New Jersey to hear case and claims, Grant Declaratory and Injunctive Relief under 28 U.S.C. § 1367, and Diversity Jurisdiction, Venue subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 2201( a) 28 U.S.C. §§ 2201 and 2202, 28 U.S.C. §§ 1391(b)(2) and (e)(1))**

108.    Plaintiffs repeated and realleges each previous allegation of the Complaint as if set forth at length herein.

109.    Plaintiffs, PHILIP HARRIS, PHILIP HARRIS on Behalf of his Mother LILLIAN HARRIS, LILLY HARRIS A/K/A LILLIAN HYMAN, PHILIP HARRIS on Behalf of the ESTATE OF LILLIAN HARRRIS, PHILIP HARRIS on Behalf of his Brother EUGENE HARRIS, EUGENE HARRIS "GENE" HARRIS by Limited Power of Attorney from his wife ZIVA HARRIS in order to process global claims AND ALL OTHERS SIMILARLY SITUATED KNOWN AND UNKNOWN are seeking full Restitution and Payments by Defendants, ROSALIE HARRIS, HELEN HARRIS, RICHARD HARRIS, ESTATE OF RICHARD HARRIS, GREAT MID ATLANTIC REALTY CORPORATION, ADVANTAGE TITLE (Title no SSA-47259-20) OLD REPUBLIC TITLE COMPANY also known as OLD REPUBLIC TITLE INSURANCE

COMPANY (Title no OCHAMP -061163Q), NEW HORIZON NEW JERSEY TITLE CO. also known as NEW HORIZON ABSTRACT INC AND ALL OTHERS SIMILARLY SITUATED KNOWN AND UNKNOWN, JOHN DOES 1 to 10.)

**WHEREFORE**, good cause having been shown, Plaintiff respectfully prays for judgment against Defendant providing the following relief:

1.      An injunction and restraining Orders against Great Mid Atlantic Realty "GMAR"  its officers, agents, heirs and the like vs HELEN HARRIS and ROSALIE HARRIS.

2.      An Order for Full Restitution by Great Mid Atlantic Realty "GMAR" to the ESTATE OF LILLIAN HARRIS of no less than **$14,098,831.63**.

3.      Judgment against all Defendants including the Estate of Richard Harris awarding Plaintiffs compensatory and punitive damages, interest, costs of suit, attorneys fees, and such other relief as the Court deems just and equitable and appropriate.

4.      For such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff respectfully demands trial by jury on all claims so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure (FRCP).

**COFFYLAW, LLC**

By: /s/ Emmanuel Coffy
     Emmanuel Coffy, Esq.
     NJ ID No. 047132004
     Attorneys for Plaintiff